IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : : : | CIVIL ACTION NO.: |
| v. | : : : | **JURY TRIAL DEMANDED** |
| STATE FARM INSURANCE | : | |

## NOTICE OF REMOVAL

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, incorrectly designated in plaintiff's Complaint as "State Farm Insurance" (hereinafter "State Farm"), defendants in the above captioned matter, hereby file a Notice of Removal of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania. This Notice is filed pursuant to 28 U.S.C. § 1441, et seq., and in support thereof, defendants state the following:

1. Plaintiff, Champlost Family Medical Practice, is a professional corporation with its principal place of business located at 6000 North Broad Street, Philadelphia, PA 19141.

2. Defendants are Illinois corporations with their principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710.

3. Thus, there is complete diversity of citizenship between the parties to the litigation.

4. The amount in controversy exceeds the jurisdictional limit required for diversity jurisdiction. <u>See</u> plaintiff's Complaint, Exhibit A, demanding compensatory damages in the amount of $54,823.81, plus interest, attorneys' fees, punitive damages and treble damages in the amount of $164,471.61.

5. By virtue of the diversity of citizenship and the jurisdictional amount, this court has original jurisdiction over this matter, pursuant to 28 U.S.C. § 1332.

6. As this court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, it is appropriate for removal to this court by the noticing party, pursuant to 28 U.S.C. §§ 1441-1448.

7. This Notice is filed with the court within the time period for removal set forth in 28 U.S.C. § 1446(b), as thirty (30) days have not passed since the defendants were served with a copy of the pleading from which it was ascertained that this case is one which is removable. A copy of plaintiff's Complaint was received by defendant on May 16, 2002, less than thirty (30) days ago.

8. Defendants have served the plaintiff with written notice of the filing of this Notice, pursuant to 28 U.S.C. § 1446(d), and a true and correct copy of this Notice will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, as required by 28 U.S.C. § 1446(d).

9. Moreover, pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served on the noticing party to this action are being filed with this Notice. See Exhibit A.

**BRITT, HANKINS, SCHAIBLE & MOUGHAN**

BY: _____
**Joseph D. Mancano, Esquire**
Attorney I.D. No. 30281
**Brian A. Wall, Esquire**
Attorney I.D. No. 52592
**Edward J. Bradley, Jr., Esquire**
Attorney I.D. No. 73943

Two Penn Center Plaza, Suite 515
15th Street and JFK Boulevard
Philadelphia, PA 19102
(215) 569-6900
Attorneys for Defendants

Dated:

## **CERTIFICATE OF SERVICE**

Joseph D. Mancano, Esquire, attorney for defendant, State Farm Mutual Automobile Insurance Company, hereby certifies that on the below date, a true and correct copy of the foregoing Notice of Removal has been served by United States first class mail, postage prepaid, to the following:

> Joel W. Todd, Esquire
> Dolchin, Slotkin & Todd, P.C.
> One Commerce Square, 24th Floor
> 2005 Market Street
> Philadelphia, PA 19103

> _____
> Joseph D. Mancano, Esquire

Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| STATE FARM INSURANCE | : | |

## MEMORANDUM OF LAW

Title 28, U.S.C. § 1441 provides, in part, that,

>   (a)    Any civil action brought in the State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the District Court of the United States for the district and the division embracing the place where such action is pending.

In this case, Plaintiff filed an action against the Defendants in the Philadelphia County Court of Common Pleas, Commonwealth of Pennsylvania. The Complaint states that Plaintiff is a citizen of the Commonwealth of Pennsylvania. State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company(incorrectly designated as "State Farm Insurance" and hereinafter referred to as "State Farm") are corporations duly organized and existing under the laws of the State of Illinois with their principal place of business located in Bloomington, Illinois. State Farm is a citizen of the State of Illinois. The amount in controversy exceeds $75,000. See Exhibit A.

Under these circumstances, this Court has original jurisdiction over the instant controversy based upon complete diversity of citizenship between the parties, Plaintiff

1

and Defendants, pursuant to 28 U.S.C. § 1332(a)(1).

Therefore, Defendants respectfully requests that the state court action be removed to the federal forum.

Respectfully submitted,

**BRITT, HANKINS, SCHAIBLE & MOUGHAN**


BY: _____
      **Joseph D. Mancano, Esquire**
      Attorney I.D. No. 30281
      **Brian A. Wall, Esquire**
      Attorney I.D. No. 52592
      **Edward J. Bradley, Jr., Esquire**
      Attorney I.D. No. 73943

      Two Penn Center Plaza, Suite 515
      15th Street and JFK Boulevard
      Philadelphia, PA 19102
      (215) 569-6900
      Attorneys for Defendants