IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHAMPLOST FAMILY MEDICAL     :      CIVIL ACTION
PRACTICE, P.C.                       :
                                     :
v.                                   :
                                     :
STATE FARM INSURANCE          :      NO.: 02-CV-3607

## O R D E R

AND NOW, this        day        of        2002, upon consideration of

Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint and any response

thereto, it is hereby ORDERED that said Motion is granted and Count IV of Plaintiff's

Complaint is dismissed with prejudice.

BY THE COURT:

_____
                                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | NO.: 02-CV-3607 |

FILED JUN 7 2002

### DEFENDANTS', STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY, MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT

Defendants, State Farm Mutual Automobile Insurance Company and State Farm

Fire and Casualty Company, (incorrectly designated as "State Farm Insurance"

hereinafter referred to collectively as "State Farm") by their counsel, hereby request that

this court enter the attached Order granting defendants' Motion to Dismiss Count IV of

Plaintiff's Complaint. Defendants' Motion is supported by their Memorandum of Law,

attached hereto and incorporated herein as if set forth at length.

WHEREFORE, defendants respectfully request that this Honorable Court grant

their Motion to Dismiss Count IV of Plaintiff's Complaint.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____
Brian A. Wall, Jr. (Atty. I.D. # 52592)
Edward J. Bradley, Jr., (Atty. I.D. # 73943)
Attorneys for Defendants

Suite 515, Two Penn Center Plaza
Philadelphia, PA   19102
(215) 569-6900

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL | : | CIVIL ACTION |
| PRACTICE, P.C. | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | NO.: 02-CV-3607 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANTS, STATE FARM AUTOMOBILE
INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY
COMPANY, TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT**

## I.    FACTUAL BACKGROUND

Plaintiff, a medical provider, initiated this action against answering defendants[1]

alleging violations of the Pennsylvania Motor Vehicle Financial Responsibility Law

(MVFRL), 75 Pa. C.S.A. §§ 1716, 1797 and 1798.  Additionally, Plaintiff alleges that it is

entitled to bad faith damages pursuant to 42 Pa. C.S.A. §8371 in Count IV of the

Complaint.  See copy of Plaintiff's Complaint, without exhibits, attached as Exhibit "A".

State Farm now moves to dismiss Count IV of Plaintiff's Complaint.

Plaintiff, Champlost Family Practice, P.C. (hereinafter "Champlost") alleges in its

Complaint that it is a professional corporation that provides medical care and treatment.

From approximately December, 2001 through May, 2002 Champlost allegedly submitted

health insurance claim forms for medical treatment and care provided to nine State Farm

---

[1]State Farm Automobile Insurance Company and State Farm Fire and Casualty Company
are mistakenly identified in the caption of plaintiff's complaint as "State Farm Insurance" and
hereinafter referred to as "State Farm".

insureds.  <u>See</u> Exhibit A at ¶¶ 12-30.  Plaintiff further alleges that State Farm's refusal to

pay first party medical benefits to Champlost on behalf of these State Farm insureds is

without legal justification.  <u>See</u> Exhibit A at ¶ 32.  Plaintiff also alleges that State Farm's

actions in not paying first party medical benefits on behalf of its insureds are

unreasonable, wanton and without legal justification.  <u>See</u> Exhibit A at ¶¶ 50-54.  These

allegations, <u>if proven,</u> may entitle Plaintiff to recover treble damages under 75 Pa. C.S.A.

§1797.  There is no legal basis, however, for a provider of medical care to claim bad faith

damages under §8372 in its own right.

Champlost cannot state a cause of action against State Farm for insurer bad faith

because it did not have an insurance contract with State Farm, and no State Farm insured

has allegedly assigned his/her rights to pursue bad faith claims to Plaintiff.  Because

Plaintiff is not, and never was, a State Farm insured and no assignment of rights on behalf

of any State Farm insureds has been obtained, Plaintiff lacks standing to assert a bad faith

claim against State Farm.

## II.     ARGUMENT

### A.     Legal Standard Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of

an action for failure to state a claim upon which relief can be granted.  In ruling on a

12(b)(6) Motion, the Court must accept as true all well-pleaded allegations of fact, and

any reasonable inferences that may be drawn therefrom, in the Plaintiff's Complaint and

must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3ʳᵈ Cir. 1996). "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defense on notice of the essential elements of the plaintiff's cause of action." Id.

Although the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept as true legal conclusions or unwarranted factual inferences. Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Id.

**B.     Plaintiff's Complaint Fails to State a Claim for Insurer Bad Faith**

Count IV of Plaintiff's Complaint purports to state a bad faith claim under 42 Pa. C.S.A. §8371, alleging that State Farm "acted in an unreasonable, wanton manner by refusing without legal justification to process first party claims submitted by Champlost, because it has acted outside the specific provisions of the MVFRL." See Plaintiff's Complaint attached as Exhibit A at ¶ 50. The Complaint accurately alleges that Champlost's claim, however specious, arises solely from its treatment of State Farm insureds. Champlost does not allege that it is "insured" by State Farm or received an assignment of rights executed by a State Farm insured to pursue a §8371 claim. These facts are fatal to Plaintiff's §8371 claim. That section provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith towards the insured, the court may take all of the following actions:

> (1) award interest on the amount of the claim
> from the date the claim was made by the insured
> in an amount equal to the prime rate of interest
> plus 3%;
>
> (2) award punitive damages against the insurer;
>
> (3) assess court costs and attorneys' fees against
> the insurer.

42 Pa. C.S.A. §8371.

Pennsylvania law recognizes that only an "insured" under a policy has standing to sue the insurer for bad faith damages pursuant to §8371. Klinger v. State Farm, 895 F.Supp 709, 715-716 (M.D. Pa. 1995).

In Klinger, the Court held that a passenger claiming UIM benefits under a policy covering the car she occupied was an "insured" under the policy and, therefore, could pursue a §8371 claim. Id. The Court held:

> "The statute provides a cause of action against an insurer who
> acts in bad faith with respect to an "insured", and the
> language means precisely what it says: the duty runs to one
> covered under the insurer's policy of insurance."

Id. at 715. See also, Strutz v. State Farm, 609 A.2d 569 (Pa. Super. 1992) appeal denied 615 A.2d 313 (Pa. 1992)(alleged third party beneficiaries of an insurance contract lack standing to pursue §8371 damages.); Badet v. State Farm, 1998 WL 79911 (E.D. Pa.)(individual who does not qualify as insured under policy cannot sue insurer for bad faith damages under §8371); Donnelly v. State Farm, No. 01-425, 2001 WL 209914 (E.D. Pa. Feb. 27, 2001) (Kelly, J.); Detweiler v. Nationwide Ins. Co., No. 00-1776, 2000 WL 161 2038 (E.D. Pa. Oct. 27, 2000) (Bechtle, J.). It is well recognized that §8371 only

grants standing to an "insured" under the policy in question and third parties to a policy of insurance do not have standing to sue under §8371 for bad faith. Id.

In Federico v. Charters Mutual Assur. Ass'n. Ltd, 158 F.Supp. 2d 565 (E.D. Pa. 2001), the Court considered the viability of a §8371 claim brought against an insurer by someone who obtained a judgment against the insured. The Court found §8371 "inappropriate to the current proceedings ... [because] 42 Pa. C.S.A. §8371 only grants standing to an individual who is an 'insured' under the insurance policy in question." Id. at 573.

Although a claim for bad faith may be assignable under certain circumstances, in the absence of an assignment, a non-party to an insurance policy cannot maintain a direct action against an insurance carrier for bad faith. Brown v. Candelora, 708 A.2d 104 (Pa. Super. 1998). Brown involved a judgment creditor who asserted a §8371 claim without an assignment against Nationwide, the insurer of the judgment debtor. Id. The Superior Court observed that this was an attempt to "seize the choses in action which the law has vested in [the insured] as a result of the contractual relationship between [the insured] and Nationwide, a relationship to which [the plaintiffs] are strangers." Id. at 109.

In High-Tech Enterprises v. General Accident Ins. Co., 635 A.2d 639 (Pa. Super. 1993), the Superior Court held that an auto repair business did not have standing to claim bad faith damages under §8371 against the car owner's insurer. Id. The case arose from a dispute between the insurer and repair shop regarding the reasonableness and necessity of the repairs. Id. at 641. The Superior Court concluded that the repair shop lacked

standing because the purported assignment of the insured was invalid.  Id.  The Superior

Court affirmed the dismissal of the Complaint, holding:

> [I]t is clear under the law he [the insured] is the only one who
> had the contractual relationship with General Accident, and
> the only one who could maintain an action arising out of that
> relationship.  High-Tech has no such right."

Id. at 642 (emphasis supplied).  See also, Fran & John's Auto Ctr. v. Allstate, 638 A.2d

1023 (Pa. Super. 1994)(holding that auto collision center had no direct cause of action

against insurer for fraud, Unfair Trade Practices and Consumer Protection law or bad

faith based on insurer's failure to pay supplemental repair bill on behalf of its insured).

Thus, a treating doctor cannot maintain a direct claim for statutory bad faith

against an insurance carrier without a valid assignment of rights.  Taylor v. Nationwide

Insurance Company, 35 Pa. D.&C. 4th 101, 1997 WL 1039258 (Pa.Com.Pl.).  Judge

Wettick concluded that the purpose of §8371 is to protect the insured by creating an

economic disincentive for breaching the duty to deal fairly and in good faith with the

insured. 35 Pa. D.&C. 4th at 117.  It is the insured whom §8371 is designed to protect,

the Court reasoned, and the insured that "must be able to control the section 8371

litigation."  Id. at 118.

Judge Wettick also observed that

> "there are instances in which there is a disagreement between
> the insured and the medical provider over the reasonableness
> and necessity of the care.  In this instance, the insurance
> company's refusal to pay the medical bill works to the
> advantage of the insured because any payment that is made
> will reduce the amount of coverage that is still available.
> Consequently, in this instance, the insured would not want the

> medical provider to be able to use the leverage of a section
> 8371 lawsuit to encourage payment."

Id. at 118.

Medical providers allegedly aggrieved by an insurance carrier's refusal to pay are not without adequate remedy. 75 Pa. C.S.A. §§1716, 1797, and 1798, provide for the recovery of unpaid medical bills, attorney's fees, and interest as well as treble damages in certain extreme circumstances. These sections provide the exclusive remedies for medical providers seeking payment of outstanding medical bills absent an assignment.[2]

In the instant case, plaintiff lacks standing to bring a bad faith action as Champlost is not a State Farm insured and has no right to assume the position of State Farm insureds with respect to their first party medical benefits. Champlost is not a third party beneficiary to any insurance agreement with State Farm, and Champlost has no assignment of rights from any State Farm insured.[3]

---

[2]75 Pa.C.S.A. §1797(b)(4) states: "A provider of medical treatment ... or an insured may challenge before a court an insurer's refusal to pay for past or future treatment ... the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party."

[3]Despite its lack of standing to assert a bad faith claim, Champlost is not without recourse to challenge any alleged failure to pay outstanding medical bills. Champlost may continue to pursue its claims under the appropriate sections of the MVFRL set forth in the remaining counts of its complaint. Although State Farm denies any liability with respect to the remaining counts of plaintiff's complaint, it does not challenge the legal sufficiency of these claims at this stage of the litigation. Despite the fact that plaintiff may have adequately fashioned a pleading setting forth various claims for relief, plaintiff will be unable to prove any set of facts to support its baseless allegations.

III.    **CONCLUSION**

For the foregoing reasons, defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, respectfully request that this Honorable Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss Count IV of Plaintiff's Complaint with prejudice.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY:    _____

Brian A. Wall, Jr. (Atty. I.D. # 52592)
Edward J. Bradley Jr. (Atty. I.D. #73943)
Attorneys for Defendants

Suite 515, Two Penn Center Plaza
Philadelphia, PA    19102
(215) 569-6900

| Court of Common Pleas of Philadelphia County<br>Trial Division<br>**Civil Cover Sheet** | For Prothonotary Use Only (Docket Number)<br>**MAY 2002**<br>001167 |
|---|---|
| PLAINTIFF'S NAME<br>CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | DEFENDANT'S NAME<br>STATE FARM INSURANCE |
| PLAINTIFF'S ADDRESS<br>6000 North Broad Street<br>Philadelphia, PA 19141 | DEFENDANT'S ADDRESS<br>11 Weldon Drive<br>Doylestown, PA 18901 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

| TOTAL NO. OF PLAINTIFFS<br>One (1) | TOTAL NO. OF DEFENDANTS<br>One 1) | COMMENCEMENT OF ACTION<br>☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer from Other Jurisdiction |
|---|---|---|

| AMOUNT IN CONTROVERSY<br>☐ 30. $50,000.00 OR LESS<br>☑ 31. MORE THAN $50,000.00 | COURT PROGRAMS<br>☐ Arbitration  ☐ Mass Tort  ✓ Commerce  ☐ Settlement<br>☐ Jury  ☐ Savings Action  ☐ Minor Court Appeal  ☐ Minors<br>☐ Non-jury  ☐ Petition  ☐ Statutory Appeals  ☐ W/D/Survival<br>☐ Other: |
|---|---|

| CASE TYPE AND CODE (SEE INSTRUCTIONS)<br>10 - Insurance Indemnification and 1J - Bad Faith |
|---|

| STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)<br>42 Pa.C.S.A. §8371 |
|---|

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES  NO<br>☐  ☑<br>☐  ☐<br>☐  ☐ |
|---|---|

TO THE PROTHONOTARY:

PAPERS MAY BE SERVED AT THE ADDRESS SET FORTH BELOW.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>Joel W. Todd, Esquire | ADDRESS (SEE INSTRUCTIONS)<br>Dolchin, Slotkin & Todd, P.C.<br>2005 Market Street, 24th Floor<br>Philadelphia, PA 19103 |
|---|---|
| PHONE NUMBER<br>(215) 665-3502 | FAX NUMBER<br>(215) 665-1565 |
| SUPREME COURT IDENTIFICATION NO.<br>17719 | E-MAIL ADDRESS<br>JTodd@dolchin.com |
| SIGNATURE<br>*Joel W. Todd* | DATE<br>5-13-02 |

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

## COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case *is* subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

1. Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

2. Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:
   a. Uniform Commercial Code transactions;
   b. Purchases or sales of business or the assets of businesses;
   c. Sales of goods or services by or to business enterprises;
   d. Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;
   e. Surety bonds;
   f. Purchases or sales or leases of, or security interests in, commercial, real or personal property; and
   g. Franchisor/franchisee relationships.

3. Actions relating to trade secret or non-compete agreements;

4. "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

5. Actions relating to intellectual property disputes;

6. Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

7. Derivative actions and class actions based on claims otherwise falling within these ten types, and consumer class actions other than personal injury and products liability claims;

8. Actions relating to corporate trust affairs;

9. Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Commercial General Liability policy;

X 10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

**DOLCHIN, SLOTKIN & TODD, P.C.**
By: Joel W. Todd, Esquire
Identification No. 17719
One Commerce Square, 24th Floor
2005 Market Street
Philadelphia, PA 19103
(215) 665-8000

**ATTEST**

Attorney for Plaintiff

MAY 1 3 2002

**L. PAONE
PRO. PROTHY**

**RECEIVED**

MAY 1 6 2002

**DOYLESTOWN CSO**

CHAMPLOST FAMILY MEDICAL
PRACTICE, P.C.

v.

STATE FARM INSURANCE

:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
CIVIL LAW DIVISION
PHILADELPHIA COUNTY

TERM, 2002    **MAY 2002**

No.                    **001167**

| NOTICE | AVISO |
|--------|-------|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al parir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que used cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Lawyer Referral Service<br>Philadelphia Bar Association<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-6333 | Lawyer Referral Service<br>Philadelphia Bar Association<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-6333 |

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

Joel W. Todd, Esquire
**DOLCHIN, SLOTKIN & TODD, P.C.**
Identification No. 17719
One Commerce Square - 24th Floor
2005 Market Street
Philadelphia, PA 19103
215-665-3502

Attorney for Plaintiff,
Tabor Chiropractic, P.C.

---

| | |
|---|---|
| CHAMPLOST FAMILY MEDICAL<br>PRACTICE, P.C.<br>6000 North Broad Street<br>Philadelphia, PA 19141 | :  **COURT OF COMMON PLEAS**<br>:  PHILADELPHIA COUNTY<br>:<br>:         TERM, 2002<br>: |
| v. | :<br>:  NO. |
| STATE FARM INSURANCE<br>11 Weldon Drive<br>Doylestown, PA 18901 | :<br>:<br>: |

### CIVIL ACTION - COMPLAINT

Plaintiff, Champlost Family Medical Practice, P.C., by and through its attorneys,

Dolchin, Slotkin & Todd, P.C., hereby files this Complaint and avers as follows:

#### Parties

1.    Plaintiff is Champlost Family Medical Practice, P.C. ("Champlost"), a

professional corporation licensed to conduct business in the Commonwealth of Pennsylvania

with its principal place of business located at 6000 North Broad Street, Philadelphia, PA 19141,

which professional corporation is engaged in the business of providing medical care and

treatment.

2.    Defendant is State Farm Insurance ("State Farm"), which is a corporation licensed

to conduct business in the Commonwealth of Pennsylvania with its principal place of business

located at 11 Weldon Drive, Doylestown, PA 18901, which corporation is engaged in the

business of providing automobile insurance policies in the Commonwealth of Pennsylvania.

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

## Venue

3.    State Farm regularly conducts business within the City and County of

Philadelphia.

4.    The transaction and/or occurrence out of which the cause of action arose took

place in Philadelphia County.

5.    Venue of this action properly belongs in Philadelphia County under the provisions

of Pa.R.Civ.P. 1006 and 2179.

## Background

6.    Champlost is a Pennsylvania professional corporation operating at 6000 North

Broad Street, Philadelphia, Pennsylvania 19141.

7.    Champlost employs Alexander S. Fine, M.D. to provide medical care/treatment to

patients.

8.    In the ordinary course of its business, Champlost issues bills and/or invoices for

patient services.

9.    State Farm is licensed to engage in the writing of automobile insurance policies in

the Commonwealth of Pennsylvania.

10.    State Farm provides insurance coverage to its customer, _inter alia_, for first-party

medical benefits.

11.    When providing first-party medical benefits for its insured within The

Commonwealth of Pennsylvania, State Farm is obligated to comply with the express provisions

of the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL"), 75

Pa.C.S.A. §1701, _et seq_. and the provisions of the insurance code promulgated thereto.

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

12.    For a period from on or about December 26, 2001 through March 7, 2002 inclusive, Champlost submitted health insurance claim forms for medical treatment and care provided to Edward Scott, Jr. ("Scott"), a patient insured by State Farm.

13.    All medical treatment provided to Scott by Champlost was performed in conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "A" and incorporated herein is a true and correct copy of said health insurance claim forms which details the outstanding benefits due.

14.    For a period from on or about February 25, 2002 through April 11, 2002 inclusive, Champlost submitted health insurance claim forms for medical treatment and care provided to Kasha Hill ("Hill"), a patient insured by State Farm.

15.    All medical treatment provided to Hill by Champlost was performed in conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "B" and incorporated herein is a true and correct copy of said health insurance claim forms which details the outstanding benefits due.

16.    For a period from on or about January 22, 2002 through February 1, 2002 inclusive, Champlost submitted health insurance claim forms for medical treatment and care provided to Laverne Whitmore ("Whitmore"), a patient insured by State Farm.

17.    All medical treatment provided to Whitmore by Champlost was performed in conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "C" and incorporated herein is a true and correct copy of said health insurance claim forms which details the outstanding benefits due.

18.    For a period from on or about January 28, 2002 through April 19, 2002 inclusive, Champlost submitted health insurance claim forms for medical treatment and care provided to

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

Buoy Trinh ("Trinh"), a patient insured by State Farm.

19.     All medical treatment provided to Trinh by Champlost was performed in conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "D" and incorporated herein is a true and correct copy of said health insurance claim forms which details the outstanding benefits due.

20.     For a period from on or about December 17, 2001 through February 19, 2002 inclusive, Champlost submitted health insurance claim forms for medical treatment and care provided to Mark Glenn ("Glenn"), a patient insured by State Farm.

21.     All medical treatment provided to Glenn by Champlost was performed in conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "E" and incorporated herein is a true and correct copy of said health insurance claim forms which details the outstanding benefits due.

22.     For a period from on or about February 21, 2002 through May 1, 2002 inclusive, Champlost submitted health insurance claim forms for medical treatment and care provided to Evans Riley ("Riley"), a patient insured by State Farm.

23.     All medical treatment provided to Riley by Champlost was performed in conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "F" and incorporated herein is a true and correct copy of said health insurance claim forms which details the outstanding benefits due.

24.     For a period from on or about February 13, 2002 through April 18, 2002 inclusive, Champlost submitted health insurance claim forms for medical treatment and care provided to Charles Tyler ("Tyler"), a patient insured by State Farm.

25.     All medical treatment provided to Tyler by Champlost was performed in

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "G" and

incorporated herein is a true and correct copy of said health insurance claim forms which details

the outstanding benefits due.

26.    For a period from on or about December 14, 2001 through April 8, 2002

inclusive, Champlost submitted health insurance claim forms for medical treatment and care

provided to Brian Watts ("Watts"), a patient insured by State Farm.

27.    All medical treatment provided to Watts by Champlost was performed in

conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "H" and

incorporated herein is a true and correct copy of said health insurance claim forms which details

the outstanding benefits due.

28.    For a period from on or about October 10, 2001 through April 12, 2002 inclusive,

Champlost submitted health insurance claim forms for medical treatment and care provided to

Wanda Kelly ("Kelly"), a patient insured by State Farm.

29.    All medical treatment provided to Kelly by Champlost was performed in

conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "I" and

incorporated herein is a true and correct copy of said health insurance claim forms which details

the outstanding benefits due.

30.    For a period from on or about October 9, 2001 through April 25, 2002 inclusive,

Champlost submitted health insurance claim forms for medical treatment and care provided to

Isaac Rucker ("Rucker"), a patient insured by State Farm.

31.    All medical treatment provided to Rucker by Champlost was performed in

conformity with the requirements of MVFRL. Attached hereto, marked Exhibit "J" and

incorporated herein is a true and correct copy of said health insurance claim forms which details

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

the outstanding benefits due.

32.     Without legal justification, State Farm has refused payment of the first-party

benefit insurance claims submitted for payment by Champlost for reasonable and necessary

medical treatment rendered to the above-referenced insured patients.

### COUNT I

### Overdue Benefits Under §1716

33.     Plaintiff incorporates the allegations of paragraph 1 through 32 as though set forth

in full.

34.     Section 1716 of the MVFRL entitled Payment of Benefits provides:

> Benefits are overdue if not paid within thirty (30) days after the
> insurer received reasonable proof of the amount of the benefits.  If
> reasonable proof is not supplied as to all benefits, the portions
> supported by reasonable proof is overdue if not paid within thirty
> (30) days after the proof is received by the insurer.  Overdue
> benefits shall bear interest at a rate of twelve percent (12%) per
> annum from the date the benefits become due.  In the event the
> insurer is found to have acted in an unreasonable matter in refusing
> to pay the benefits when due, the insurer shall pay, in addition to
> the benefits owed and the interest thereon, a reasonable attorney
> fee based upon actual time expended.  75 Pa.C.S.A. §1716.

35.     Despite the specific provisions of §1716, State Farm has refused to pay the

benefits due on behalf of its insureds within thirty (30) days after receipt of proof of the amount

due.

36.     The amounts detailed in Exhibits A through J constitute overdue benefits in the

amount of $54,823.87 within the meaning of the express provisions of the MVFRL.  75

Pa.C.S.A. §1716.

37.     Under the provisions of 75 Pa.C.S.A. §1797(b)(3) and because State Farm failed

to invoke a PRO Review, State Farm acted in an unreasonable matter by refusing to pay the bills

as a matter of law. Harcourt v. General Accident Insurance Company, 419 Pa.Super. 155, 169,

615 A.2d 71, 79 (1992).

38.    State Farm's refusal to pay the overdue benefits constitutes an express violation of

§1716, which entitles plaintiff to receive the overdue benefits and interest at a rate of twelve

percent (12%) per annum to be computed from December 29, 2001 through the present.

WHEREFORE, plaintiff Champlost Family Medical Practice, P.C. respectfully requests

this Honorable Court to enter judgment against State Farm in the amount of $54,823.87 with

interest at a rate of twelve percent (12%) per annum from thirty (30) days after submission

of each insurance claim form through the present, plus cost of suit.                **RECEIVED**

**COUNT II**

MAY 1 6 2002

**Attorney Fees Under §1716 and §1798**

DOYLESTOWN CSO

39.    Plaintiff incorporates the allegations of paragraphs 1 through 38 as though set

forth in full.

40.    Under the provisions of 75 Pa.C.S.A. §1797(b)(3), a carrier must pay a provider

within thirty (30) days after a bill is submitted when no PRO review has been commenced.

Harcourt, supra, 419 Pa.Super. at 169, 615 A.2d at 79 (where the court held "...§1797(b)(3)

clearly requires an insurance carrier to pay the provider any disputed amounts for treatment

which has not been challenged until thirty-one (31) or more days after the carrier received the bill

for treatment.").

41.    By failing to request a PRO Review in accordance with the requirements of

§1797(b)(3), State Farm's failure to pay benefits when due is unreasonable and/or without a

reasonable foundation. See, Danton v. State Farm Mutual Automobile Insurance Company, 769

F.Supp. 174, 177 (E.D.Pa. 1991) (where the court found that §1797 sets out the exclusive system

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

for the insurance company to challenge the reasonableness and necessity of treatment).

42.    Because State Farm acted in a unreasonable manner by refusing to pay the benefits when due, plaintiff is entitled to receive a reasonable attorney's fee based upon actual time expended under the express provisions of §1716.

43.    In addition, and because State Farm acted without a reasonable foundation, plaintiff is entitled to an award of attorney fees under 75 Pa.C.S.A. §1798(b), which provides in pertinent part:

> In the event an insurer is found to have acted with no reasonable foundation in refusing to pay the benefits [due]...when due, the insurer shall pay in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

WHEREFORE, plaintiff Champlost Family Medical Practice, P.C. respectfully requests this Honorable Court to enter an Order directing State Farm to pay a reasonable attorney's fee based upon the actual time expended.

## COUNT III

### Treble Damages Under §1797

44.    Plaintiff incorporates the allegations of paragraphs 1 through 43 as though set forth in full.

45.    Pursuant to the insurance claim forms submitted to the carrier, State Farm was notified of its obligation to pay plaintiff.

46.    Despite submission of the claims, State Farm ignored its obligations to pay benefits when due under the MVFRL.

47.    State Farm's conduct must be considered to be wanton and subjects State Farm to payment of treble damages pursuant to 75 Pa.C.S.A. §1797(b)(4) which provides in pertinent

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

part:

> A provider of medical treatment or rehabilitative services...may
> challenge before a court an insurer's refusal to pay for past or
> future medical treatment or rehabilitative services...the
> reasonableness or necessity of which the insurer has not challenged
> before a PRO. Conduct considered to be wanton shall be subject to
> a payment of treble damages to the insured party.

WHEREFORE, plaintiff Champlost Family Medical Practice, P.C. respectfully requests

this Honorable Court to enter judgment against State Farm in the amount of $164,471.61 for

treble damages.

### COUNT IV

### Bad Faith

48.     Plaintiff incorporates the allegations of paragraphs 1 through 47 as though set

forth in full.

49.     State Farm has not invoked the PRO review process to challenge any of the bills

submitted by Champlost.

50.     State Farm has acted in an unreasonable, wanton manner by refusing without legal

justification to process the first-party claims submitted by Champlost, because it has acted

outside the specific provision of the MVFRL.

51.     42 Pa.C.S.A. §8371 provides:

> In an action arising under an insurance policy, if the court finds
> that the insurer has acted in bad faith toward the insured, the court
> may take all of the following actions:
>
> (a)     Award interest on the amount of the claim from the date the claim was
>         made by the insured in an amount equal to the prime rate of interest plus
>         three (3%) percent.
>
> (b)     Award punitive damages against the insurer.

RECEIVED

MAY 16 2002

DOYLESTOWN CSO

(c)    Assess court costs and attorney fees against the insurer.

52.    42 Pa.C.S.A. §8371 establishes a separate and independent cause of action for bad faith claims against insurance companies.  See, Serubo v. Home Insurance Company, 1995 West Law 461274 at *2 (E.D,.Pa,. August 3, 1995).  See also, Schwartz v. State Farm Insurance Company, 1996 West Law 189839 *4 (E.D.Pa. 1996).

53.    State Farm's frivolous and unfounded refusal to pay benefits when due is a breach of a known duty, imports a dishonest purpose and constitutes bad faith.  See, Romano v. Nationwide Mutual Fire Insurance Company, 646 A.2d 1228, 1231 (Pa.Super. 1984).

54.    Based upon State Farm's bad faith conduct, plaintiff is entitled to recover all of the damages allowed and authorized by 42 Pa.C.S.A. §8371.

WHEREFORE, plaintiff Champlost Family Medical Practice, P.C. respectfully request this Honorable Court to enter an Order against State Farm awarding punitive damages, interest on the amount of each claim from the date of submission in the amount of the prime rate of interest plus three (3%) percent, assessing court costs and attorney's fees and granting such other and further relief as this Court deems necessary, just and appropriate.

DOLCHIN, SLOTKIN & TODD, P.C.

JOEL W. TODD, ESQUIRE
Attorney for Plaintiff

DATE: 5 - 13 - 02



RECEIVED

MAY 16 2002

DOYLESTOWN CSO

## VERIFICATION

I, Alexander S. Fine, M.D., hereby certify that I am an employee of Champlost Family

Medical Practice, P.C. and am authorized to sign on behalf of said professional corporation in the

above-captioned matter and that the facts and circumstances contained in the foregoing Complaint

are true and correct to the best of my knowledge, information and belief.  I make this Verification

subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.


_____

ALEXANDER S. FINE, M.D.

DATE: _____5. 9. 02_____

## CERTIFICATE OF SERVICE

Brian A. Wall, Jr., Esquire, attorney for defendants, State Farm Mutual

Automobile Insurance Company and State Farm Fire and Casualty Company, hereby

certifies that on the below date, a true and correct copy of the foregoing Motion to

Dismiss Count IV of Plaintiff's Complaint has been served by United States first class

mail, postage prepaid, to the following:


Joel W. Todd, Esquire
Dolchin, Slotkin & Todd, P.C.
One Commerce Square, 24th Floor
2005 Market Street
Philadelphia, PA 19103


_____
Brian A. Wall, Jr.

Dated: _____6/7/02_____