IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHAMPLOST FAMILY MEDICAL     :      CIVIL ACTION
PRACTICE, P.C.                      :
                                     :
   v.                                  :
                                       :
STATE FARM INSURANCE         :      NO.: 02-CV-3607


## O R D E R

AND NOW, this       day       of       2002, upon consideration of

Defendants' Motion to Dismiss Count IV of Plaintiff's Amended Complaint and any

Response thereto, it is hereby ORDERED and DECREED that said Motion is granted

and Count IV of Plaintiff's Amended Complaint is dismissed with prejudice.


BY THE COURT:


_____J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL | : | CIVIL ACTION |
| PRACTICE, P.C. | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | NO.: 02-CV-3607 |

**DEFENDANTS', STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY,
MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT**

Defendants, State Farm Mutual Automobile Insurance Company and State Farm

Fire and Casualty Company, (incorrectly designated as "State Farm Insurance,"

hereinafter referred to collectively as "State Farm") by and through their counsel, Britt,

Hankins, Schaible and Moughan, hereby request that this court enter the attached Order

granting Defendants' Motion to Dismiss Count IV of Plaintiff's Amended Complaint.

Defendants' Motion is supported by their Memorandum of Law, attached hereto and

incorporated herein as if set forth at length.

WHEREFORE, Defendants respectfully request that this Honorable Court grant

their Motion to Dismiss Count IV of Plaintiff's Amended Complaint.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____
Brian A. Wall, Jr. (Atty. I.D. # 52592)
Elizabeth Luening Long (Atty. I.D. # 84845)
Attorneys for Defendants
Suite 515, Two Penn Center Plaza
Philadelphia, PA 19102
(215) 569-6900
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHAMPLOST FAMILY MEDICAL          :          CIVIL ACTION
PRACTICE, P.C.                    :
                                  :
 v.                               :
                                  :
STATE FARM INSURANCE              :          NO.: 02-CV-3607

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANTS, STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY,
TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT**

## I.    FACTUAL BACKGROUND

Plaintiff, a medical provider, initiated this action against answering Defendants[1]

alleging violations of the Pennsylvania Motor Vehicle Financial Responsibility Law

(MVFRL), 75 Pa. C.S.A. §§ 1716, 1797 and 1798.  Plaintiff's original Complaint

asserted a claim for bad faith damages pursuant to 42 Pa. C.S.A. §8371 in its own right.

See Original Complaint at Count IV.   State Farm argued that Plaintiff did not have

standing to assert a §8371 claim in its own right since it is not an "insured."

Plaintiff subsequently filed an Amended Complaint on July 11, 2002.  A true and

correct copy of Plaintiff's Amended Complaint, without exhibits, is attached hereto

Exhibit "B".  Plaintiff's Amended Complaint similarly fails to set forth a claim for bad

faith damages and, therefore, State Farm now moves to dismiss Count IV of Plaintiff's

---

[1]State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty
Company are mistakenly identified in the caption of Plaintiff's Complaint and Amended
Complaint as "State Farm Insurance" and hereinafter referred to as "State Farm".

2

Amended Complaint.

Plaintiff, Champlost Family Practice, P.C. ("Champlost") alleges in its Amended Complaint that it is a professional corporation that provides medical care and treatment. See Exhibit "B" at ¶ 1. From approximately December, 2001 through May, 2002 Champlost allegedly submitted health insurance claim forms for medical treatment and care provided to nine State Farm insureds. See Exhibit "B" at ¶¶ 11-26. Plaintiff further alleges that State Farm's refusal to pay first party medical benefits to Champlost on behalf of these State Farm insureds is without legal justification. See Exhibit "B" at ¶ 27. Plaintiff also alleges that State Farm's actions in not paying first party medical benefits on behalf of its insureds are unreasonable, wanton and without legal justification. See Exhibit "B" at ¶ 45. These allegations, if proven, may entitle Plaintiff to recover treble damages under 75 Pa. C.S.A. §1797. There is no legal basis, however, for a provider of medical care to seek bad faith damages under §8371 in its own right. (See Section II B, below).

Since Champlost cannot independently state a cause of action against State Farm for insurer bad faith, Champlost has now filed an Amended Complaint which alleges that the various insureds "assigned their contractual rights for first party benefits to Champlost." See Exhibit "B" at ¶¶ 48-55.[2] Plaintiff also attaches to the Amended Complaint the alleged "Assignment of Rights" for each State Farm insured at Exhibits "I

---

[2]The only substantive amendments to the Original Complaint are allegations in Count IV that the §8371 claim is based upon an assignment from the State Farm insured.

- P", respectively.   For the Court's convenience, copies of these "assignments" are collectively attached here as Exhibit "C".

These "assignments", however, are not valid because Plaintiff is not the real party in interest for two of these "assignments."   Moreover, the insureds clearly do not assign the right to bring a bad faith action in these documents.  Because Plaintiff is not, and never was, a State Farm insured and the insureds did not assign their rights to pursue a §8371 bad faith claim to Champlost, Plaintiff lacks standing to assert a bad faith claim against State Farm.

## II.    ARGUMENT

### A.    Legal Standard Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for failure to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) Motion, the Court must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in the plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996).  "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defense on notice of the essential elements of the plaintiff's cause of action."  Id.

Although the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept as true legal conclusions or unwarranted factual inferences.

4

Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Id.

### B.    Plaintiff's Amended Complaint Fails to State a Claim for Insurer Bad Faith

Count IV of Plaintiff's Amended Complaint purports to state a bad faith claim under 42 Pa. C.S.A. §8371, alleging that State Farm "acted in an unreasonable, wanton manner by refusing without legal justification to process first party claims submitted by Champlost, because it has acted outside the specific provisions of the MVFRL." See Exhibit A at ¶ 45.  That section provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith towards the insured, the court may take all of the following actions:
>
> > (1) award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%;
> >
> > (2) award punitive damages against the insurer;
> >
> > (3) assess court costs and attorneys' fees against the insurer.

42 Pa. C.S.A. §8371.

Pennsylvania law recognizes that only an "insured" under a policy has standing to sue the insurer for bad faith damages pursuant to §8371.  Klinger v. State Farm, 895 F. Supp 709, 715-716 (M.D. Pa. 1995).

5

In <u>Klinger</u>, the Court held that a passenger claiming UIM benefits under a policy covering the car she occupied was an "insured" under the policy and, therefore, could pursue a §8371 claim.  <u>Id</u>.  The Court held:

> "The statute provides a cause of action against an insurer who acts in bad faith with respect to an "insured", and the language means precisely what it says: the duty runs to one covered under the insurer's policy of insurance."

<u>Id</u>. at 715.  <u>See also</u>, <u>Strutz v. State Farm</u>, 609 A.2d 569 (Pa. Super. 1992) <u>appeal denied</u> 615 A.2d 313 (Pa. 1992)(alleged third party beneficiaries of an insurance contract lack standing to pursue §8371 damages.); <u>Badet v. State Farm</u>, 1998 WL 79911 (E.D. Pa.)(individual who does not qualify as insured under policy cannot sue insurer for bad faith damages under §8371);  <u>Donnelly v. State Farm</u>, No. 01-425, 2001 WL 209914 (E.D. Pa. Feb. 27, 2001) (Kelly, J.);  <u>Federico v. Charters Mutual Assur. Ass'n. Ltd</u>, 158 F.Supp. 2d 565, 579 (E.D. Pa. 2001); <u>Detweiler v. Nationwide Ins. Co.</u>, No. 00-1776, 2000 WL 161 2038 (E.D. Pa. Oct. 27, 2000) (Bechtle, J.).  It is well recognized that §8371 only grants standing to an "insured" under the policy in question; third parties to a policy of insurance do not have standing to sue under §8371 for bad faith.  <u>Id.</u>

Although a claim for bad faith <u>may</u> be assignable under certain circumstances, in the absence of an assignment, a non-party to an insurance policy cannot maintain a direct action against an insurance carrier for bad faith.[3]  <u>Brown v. Candelora</u>, 708 A.2d 104,

---

[3]In the event that the Court denies this Motion, State Farm will assert that the purported assignment is invalid due to its violation of the "Non-Assignability" clause contained in each State Farm policy.  <u>See</u> <u>High Tech Enterprises vs. General Accident Ins. Co.</u>, 635 A.2d 639 (Pa. Super. 1993); <u>Fran & John's Auto Ctr. v. Allstate</u>, 638 A.2d 1023 (Pa. Super. 1994).

107 (Pa. Super. 1998).

Thus, a treating doctor cannot maintain a direct claim for statutory bad faith against an insurance carrier. <u>Taylor v. Nationwide Insurance Company</u>, 35 Pa. D.&C. 4th 101, 119, 997 WL 1039258, *11 (Allegheny.Com.Pl.). Judge Wettick concluded that the purpose of §8371 is to protect the insured by creating an economic disincentive for breaching the duty to deal fairly and in good faith with the insured. 35 Pa. D.&C. 4th at 117. It is the insured whom §8371 is designed to protect, the Court reasoned, and the insured who "must be able to control the section 8371 litigation." <u>Id.</u> at 118.

Judge Wettick also observed that

> "there are instances in which there is a disagreement between the insured and the medical provider over the reasonableness and necessity of the care. In this instance, the insurance company's refusal to pay the medical bill works to the advantage of the insured because any payment that is made will reduce the amount of coverage that is still available. Consequently, in this instance, the insured would not want the medical provider to be able to use the leverage of a section 8371 lawsuit to encourage payment."

<u>Id</u>. at 118.

Medical providers allegedly aggrieved by an insurance carrier's refusal to pay are not without adequate remedy. 75 Pa. C.S.A. §§1716, 1797, and 1798, provide for the recovery of unpaid medical bills, attorney's fees, and interest as well as treble damages in certain extreme circumstances. These sections provide the exclusive remedies for

medical providers seeking payment of outstanding medical bills.[4]

Champlost now claims, therefore, that it is no longer asserting a §8371 claim in its own right; instead, it alleges that it has been assigned that right by each State Farm insured pursuant to the "Assignments" attached to the Amended Complaint. (See Amended Complaint Exhibits I-P, collectively attached to this Motion at Exhibit "C").

As set forth below, a reading of the Assignments demonstrates that each insured never assigned their §8371 claim to Plaintiff. Thus, Count IV of the Amended Complaint must be dismissed.

**C.    The Unambiguous and Plain Language of the "Assignments" Assigns Only the Right to Recover Payment and Does Not Assign the Insureds' Rights to Maintain Bad Faith Claims**

The "assignments," in the present matter, only assign the right to maintain a cause of action to recover payment for services rendered and do not assign the right to assert bad faith claims. An assignment is a transfer of property or some other right from one person to another, and unless in some way qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee. Horbal, 697 A.2d at 583. Like any other contract, to interpret an assignment, it must first be examined for any ambiguities. CGU Life Insurance Co. of America v. Metropolitan Mortgage & Securities Co., Inc., 131 F. Supp. 2d 670, 675 (ED. Pa. 2001). In determining whether a

---

[4]75 Pa.C.S.A. §1797(b)(4) states: "A provider of medical treatment ... or an insured may challenge before a court an insurer's refusal to pay for past or future treatment ... the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party."

contract is ambiguous, the court "assumes the intent of the parties to an instrument is embodied in the writing itself and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement." Hullett v. Towers, Perrin, Forster & Crosby, Inc., 38 F.3d 107, 111 (3d Cir. 1994).

The Court must look at the contract as a whole and not at isolated portions of it. Halpin v. LaSalle University, 639 A.2d 37 (Pa. Super. 1994).   When an assignment is clear and unequivocal, its meaning must be determined by its contents alone.  Horbal, 697 A.2d at 583.  In such a case, the contract speaks for itself and a meaning cannot be given to it other than that expressed.  Id.   Thus, the words must be given their plain and ordinary meaning.  Lebanon Coach Company v. Carolina Casualty Insurance Company, 675 A.2d 279, 283 (Pa. Super. 1996).  A written assignment of a cause of action must clearly show on the document an intention to assign.  Metropolitan Edison Co. v. United Engineers & Constructors, Inc. , 4 Pa. D. & C. 3d 473 (C.P. 1977).

In the present matter, each of the "assignments" contain the following language:

> I assign my rights to the above named corporation which maybe granted to me under any laws of any state to bring in my stead or on my behalf any legal action(s) as maybe necessary **to recover payments for services rendered to me.**

See Exhibit "C", ¶ 3.  The clear and unambiguous meaning of this language is that the State Farm insureds only intended to assign their right to pursue a cause of action to recover payment for services rendered.  No other rights were assigned, including the right to pursue extra-contractual damages pursuant to 42 Pa. C.S.A. §8371.  Plaintiff even

9

admits in Paragraphs 48 through 55 of its Amended Complaint that the purpose and

intent of these assignments did not include the assignment of the right to extra-

contractual damages.  In these Paragraphs, Plaintiff alleges that the various State Farm

insureds simply assigned their "contractual rights for first party benefits to Champlost".

See Exhibit "B" at ¶¶ 48-55. [5]  There is absolutely no mention of an assignment of bad

faith rights or any other rights beyond recovery of first party medical benefits, which are

defined in 75 Pa. C.S.A. §1712 and do not include §8371 damages.

The documents do not evidence any intent of the State Farm insureds to sign away

their rights to maintain a bad faith cause of action against State Farm.  A review of the

language of other "Assignment" instruments which were the subject of bad faith claims

provides further support for State Farm's position.

In High Tech Enterprises v. General Accident Ins. Co., 635 A.2d 639 (Pa. Super.

1993), the Superior Court considered whether the assignment to an automobile repair

corporation of the insured's claim for unpaid benefits and §8371 damages was valid.  The

assignment instrument contained the following language:

> I hereby irrevocably assign... all of my right ... to collect and
> retain all damages by law against my insurance carrier...
> including but not limited to bad faith penalties....

Id. at 641 (emphasis added).

_____

[5]It should be noted that Defendants do not challenge Plaintiff's right to maintain a cause
of action against State Farm for recovery of first party medical benefits, which exists under the
law without the need to execute an "assignment" pursuant to the MVFRL.

10

In <u>Fran & John's Auto Ctr. v. Allstate</u>, 638 A.2d 1023 (Pa. Super. 1994), the Superior Court considered whether another assignment to an automobile repair corporation of the insured's claim for unpaid benefits and §8371 damages was valid.  The assignment instrument contained the following general language:

> I... do hereby assign and convey to [the repair corporation] ...
> <u>any and all</u> claims, rights, actions and causes of action which
> I may have against Allstate Insurance Company in connection
> with the repair of my vehicle...

<u>Id.</u> at 1025 (emphasis added).

In both cases, the Superior Court concluded that the assignments were not valid because the insurance policy contained a "non-assignability" clause.  <u>High Tech</u>, 635 A.2d at 641; <u>Fran & John's</u>, 638 A.2d at 1025.  The assignment language, however, is notably broader than the "Champlost" assignments and clearly demonstrates the intent to assign the bad faith claim.

In marked contrast, the assignments attached by Champlost to the Amended Complaint do <u>not</u> specifically reference bad faith claims or generally assign all rights under the State Farm policies.  Instead, the insured simply assigns their right to receive payment of medical bills to Champlost.  The Champlost assignment language is clear and unambiguous.  Since the insureds never assigned their right to claim bad faith damages, Count IV of the Amended Complaint must be dismissed.

**D.    The "Assignments" Signed by Wanda Kelly and Isaac Rucker are not
Valid Because Their Rights were Not Assigned to Plaintiff**

11

The "assignments" referred to in Plaintiff's Amended Complaint are not only invalid, but two of them do not assign any rights to pursue a bad faith claim to Champlost.

An assignment is to be construed in accordance with the rules of construction governing contracts and the circumstances surrounding the execution of the assignment document.  Horbal v. Moxham National Bank, 697 A.2d 577, 583 (Pa. 1997).  As a general rule, contract law protects the expectation interests of contracting parties based on a voluntary agreement that defines their relationship.  Hahn v. Atlantic Richfield Co., 625 F.2d 1095, 1104 (3d. Cir. 1980).    In an assignment, the nature of the particular assignment determines the identity of the real party Id.  Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights.  Smith v. Cumberland Group Ltd., 687 A.2d 1167, 1172 (Pa. Super. 1997).  Thus, the assignee is the real party in interest and an action on the assignment **must** be prosecuted in his name.  Wilcox v. Regester, 207 A.2d 817, 820 (Pa. 1965).  In order for the assignee to maintain a cause of action, the assignee must plead and prove ownership of the claim.  Federal Deposit Ins. Corp. v. Barness, 484 F. Supp. 1134 (E.D. Pa. 1980).

In the present matter, two of the "assignments" attached to Plaintiff's Amended Complaint assigned various rights of State Farm insureds, Wanda Kelly and Isaac Rucker, to "Champlost Family Practice", "OLA Imaging, Inc." and "Dr. Efim Itin, M.D." See Exhibit "C".  None of these entities or individuals are named as plaintiffs in the

12

above captioned matter.  Rather, this matter was brought by a separate entity named

"Champlost Family Medical Practice, P.C."  See Exhibit "B".  Therefore, Plaintiff is not

a real party in interest, as it has neither pled nor proven its ownership of these claims.

Plaintiff is not entitled to pursue a bad faith claim on behalf of Ms. Kelly and Mr. Rucker

because not only was this right not assigned by the assignment, but Plaintiff was not even

the named assignee.  Therefore, Plaintiff's claims on behalf of Ms. Kelly and Mr. Rucker

for bad faith must be dismissed.

> **E.** **The "Assignments" Could not have Assigned the State Farm Insureds'
> Rights to Pursue Bad Faith Claims Because no Bad Faith Claims were
> in Existence or Contemplated at the Time the Assignments were Made**

As discussed above, consideration of the surrounding circumstances at the time

the

assignment was made bears on the construction of an assignment.  Horbal, 548 Pa. at

406, 697, A.2d at 583; United States National Bank in Johnstown v. Campbell, 354 Pa.

483, 487, 47 A.2d 697, 700 (1946).  Therefore, in order for a right or interest to be

assignable, it must have, at the time of the purported assignment, either an actual or a

potential existence; a mere possibility is not assignable.  Summary of Pennsylvania

Jurisprudence 2d, Property §14:6.

In the present matter, all of the "assignments" were made at the time the State

Farm insureds began treating at Champlost Family Medical Practice, PC and Champlost

Family Practice.  Compare Exhibits "B" at ¶¶ 11-26 and "C."  Thus, at the time the

13

"assignments" were executed, State Farm had not yet received these bills for

consideration.  Pursuant to established contract law, the parties could have provided for

contingencies, such as the emergence of a bad faith claim.  <u>Horbal</u>, 548 Pa. at 406, 697

A.2d at 583.  No such action was taken.  Therefore, the alleged assignment of the right to

pursue a bad faith claim before said right even came into existence is null and void and

Plaintiff does not have standing to maintain this cause of action.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, State Farm respectfully requests that this

Honorable Court grant their Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) and dismiss Count IV of Plaintiff's Amended Complaint with

prejudice.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____
Brian A. Wall, Jr. (Atty. I.D. # 52592)
Elizabeth Luening Long (Atty. I.D. #84845)
Attorneys for Defendants
Suite 515, Two Penn Center Plaza
Philadelphia, PA 19102
(215) 569-6900

## CERTIFICATE OF SERVICE

Brian A. Wall, Jr., Esquire, attorney for defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, hereby certifies that on the below date, a true and correct copy of the foregoing Motion to Dismiss Count IV of Plaintiff's Amended Complaint has been served by United States first class mail, postage prepaid, to the following:

Joel W. Todd, Esquire
Dolchin, Slotkin & Todd, P.C.
One Commerce Square, 24th Floor
2005 Market Street
Philadelphia, PA 19103

_____

Brian A. Wall, Jr.

Dated: _____

## **VERIFICATION**


Undersigned counsel for defendant herein states that the statements in the foregoing defendants' Motion to Dismiss Count IV of Plaintiff's Amended Complaint are true and correct to the best of his knowledge, information and belief, and makes these statements subject to the penalties of 18 Pa.C.S.A. §4904 related to unsworn falsification to authorities.


_____
Brian A. Wall, Jr.



Dated: _____

16