**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | No. 02-CV-3607 |
| | : | |
| STATE FARM INSURANCE | : | |

---

**ORDER**

AND NOW, this      day of        2002, upon consideration of Defendants' Motion to Dismiss Count IV of Plaintiff's Amended Complaint and Plaintiff's Response thereto, it is hereby ORDERED and DECREED that said Motion is DENIED.

BY THE COURT:

_____
                                                                          J.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL | : | **JURY TRIAL DEMANDED** |
| PRACTICE, P.C. | : | |
| | : | |
| v. | : | No. 02-CV-3607 |
| | : | |
| STATE FARM INSURANCE | : | |

## PLAINTIFF CHAMPLOST FAMILY MEDICAL PRACTICE, P.C.'S RESPONSE TO DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S  MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Champlost Family Medical Practice, P.C., (hereinafter "plaintiff") by and through its attorneys, Dolchin, Slotkin & Todd, P.C., hereby responds to Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's (hereinafter "defendants") Motion to Dismiss, and respectfully requests this Honorable Court to enter the attached Order denying Defendants' Motion to Dismiss.  In support of the within motion Response, Plaintiff has attached its Memorandum of Law, and would incorporate same herein as though set forth in full.

WHEREFORE, Plaintiff hereby requests that this Honorable Court deny Defendants' Motion to Dismiss Count IV of Plaintiff's Amended Complaint.

DOLCHIN, SLOTKIN & TODD, P.C.

Date:_____        BY:    _____
                                                            JOEL W. TODD, ESQUIRE
                                                            JULIA CARPINO, ESQUIRE
                                                            Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL | : | **JURY TRIAL DEMANDED** |
| PRACTICE, P.C. | : | |
| | : | |
| v. | : | No. 02-CV-3607 |
| | : | |
| STATE FARM INSURANCE | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF CHAMPLOST FAMILY
MEDICAL PRACTICE, P.C.'S RESPONSE TO DEFENDANTS STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND
CASUALTY COMPANY'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S
AMENDED COMPLAINT**

**I.    BACKGROUND**

On or about May 13, 2002, Plaintiff, Champlost Family Medical Practice, P.C. (hereinafter

"plaintiff") filed a Complaint in the Court of Common Pleas, Philadelphia County against

Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty

Company (hereinafter "defendants") alleging overdue benefits, attorneys fees, treble damages, and

bad faith in connection with treatment rendered to third party insureds (hereinafter "complaint").

Shortly thereafter, defendants removed the complaint to United States District Court for the Eastern

District of Pennsylvania, and in conjunction therewith, filed a Motion to Dismiss Count IV- Bad

Faith of the complaint (hereinafter "1st motion").

Defendants' sole argument in their 1st motion was that plaintiff lacked standing to bring a bad

faith claim on behalf of third party insureds, **and that in the absence of assignments**, plaintiff could

not state a cause of action therefor.  Specifically, defendants argued:

> Champlost cannot state a cause of action against State Farm for insurer bad faith
> because it did not have an insurance contract with State Farm, **and no State Farm
> insured has allegedly assigned his/her rights to pursue bad faith claims** to
> Plaintiff.  Because Plaintiff is not, and never was, a State Farm insured **and no**

**assignment of rights on behalf of any State Farm insureds has been obtained**, Plaintiff lacks standing to assert a bad faith claim against State Farm.

Defendants' Memorandum of Law in support of Motion to Dismiss Count IV of Plaintiff's Complaint, at pg 2. Emphasis added. Defendants, in furtherance of their argument, and apparently of the belief that plaintiff had not secured any assignment of rights from the third parties, conceded that:

> [a]lthough a claim for bad faith may be assignable under certain circumstances, **in the absence of an assignment**, a non-party to an insurance policy cannot maintain a direct action against an insurance carrier for bad faith.

Id. at pg 5. Emphasis added. Ironically, and unbeknownst to defendants, **plaintiff did have assignments from all of the third party insureds identified in the complaint.**

Upon receipt of defendants' 1st motion, and in the spirit of expediency, plaintiff gathered the documents wherein the third party insureds named in the complaint had assigned their rights to plaintiff, and remitted same to the defendants. Plaintiff was hopeful that since defendants had only taken issue with what they believed to be the non-existence of assignments, upon being presented with same, defendants would withdraw their 1st motion, as it had been rendered moot. Instead, defendants' summarily dismissed the applicability of the assignments plaintiff produced, despite their direct pertinency to the issue raised by defendants, and refused to withdraw the 1st motion.

Plaintiff then filed an Amended Complaint (hereinafter "amended complaint") wherein standing was alleged via the assignments, which were attached as exhibits. See ¶¶47-56 of and Exhibits I thru P to the amended complaint. All but two (2) of the assignments executed by the third party insureds identified in the amended complaint contain the following language:

> I assign my rights to the above named corporation which maybe granted to me under any laws of any state to bring in my stead or on my behalf **any**

> **legal action(s) as maybe necessary to recover payments** for services rendered to me.

Emphasis added.  The assignments executed by third party insureds Wanda Kelly and Isaac Rucker contain the following language:

> I assign my rights to the above named doctor and corporation which maybe granted to me under any laws of any state to bring in my stead or on my behalf **any legal action(s) as maybe necessary to recover payments** for services rendered to me.

Emphasis added.  Notwithstanding those exhaustive, all-inclusive assignment provisions, defendants have filed  a Motion to Dismiss Count IV of the **amended** complaint (hereinafter 2nd motion), **now** alleging that although the third party insureds may have assigned their rights, the language thereof is not sufficiently broad to encompass a bad faith claim.[1]  Such an argument is bordering on the absurd.  Lending credence to its absurdity is the fact that defendants have cited no case law in support thereof. As will hereinafter be set forth, defendants' 2nd motion should be denied.

---

[1]Although defendants'**sole** argument in their 2nd motion is as to the **sufficiency** of the assignments, defendants curiously drop a footnote on page 6 of their motion, wherein they presumptuously warn the court that in the event the court denies their motion, they will next assert that there was a Non-Assignability clause in the insurance contracts.  Not only is such an admonition inappropriate, but it is utterly specious.  If defendants truly had a viable claim as to non-assignability, then they **would not have**, in their 1st motion, repeatedly represented that plaintiff would arguably have standing if **State Farm's insureds had assigned their rights to plaintiff.**  Defendants further would not have singularly argued in their 2nd motion the sufficiency of those assignments, while subtly alluding to the non-assignability clause in the form of a footnote.  That being the case, any claim as to a non-assignability clause is not properly before this court.

## II.    ARGUMENT

### A.    Defendants Cannot Meet the Standard for Dismissal Under Rule 12(b)(6)

Defendants seek relief pursuant to Federal Rule of Civil Procedure 12 (b)(6) on the basis that plaintiff has failed "to state a claim upon which relief can be granted" with regard to Count IV.  In deciding a 12(b)(6) motion, the court must accept as true all pleaded factual allegations, and must draw all  inferences therefrom in favor of plaintiff.  Williams v. Stone, 923 F.Supp. 89 (E.D.Pa. 1996), affirmed, 109 F.3d 890, cert. denied 522 U.S. 956.  Moreover, dismissal is inappropriate unless the moving party has unequivocally established that no relief is due under any factual scenario consistent with the allegations.  Nelson v. Temple University, 920 F.Supp. 633 (E.D.Pa. 1996).  See also Smyth v. Pillsbury, Co., 914 F.Supp. 97 (E.D.Pa. 1996). Defendants cannot meet this standard.

In Count IV of the amended complaint, plaintiff seeks punitive damages on the basis that defendants have acted in bad faith in refusing to compensate plaintiff for medical treatment provided to defendants' insureds. Plaintiff has further alleged in Count IV that it has standing to pursue a bad faith claim against defendants because the third party insureds assigned their respective rights to recovery to plaintiff.

Preliminarily, an insured's right to pursue a bad faith claim is assignable.  Brown v. Candelora, 708 A2d 104 (Pa.Super. 1998); Gray v. Nationwide Mut. Ins. Co., 223 A2d 8 (Pa. 1966). Specifically, "[u]nder Pennsylvania law, as well as in the majority of American jurisdictions, an insured's claims against his or her insurer, in the nature of breach of contract, breach of fiduciary duty, and bad faith, as well as claims under Section 8371 of the Judicial Code for punitive damages, counsel fees and interest, are assignable." Brown, 708 A.2d at 113.  That being the case,  defendants

have instead opted to launch a bogus semantical attack upon the contents of the assignments. Unfortunately for defendants, such a tactic is unavailing.

The assignments expressly provide that plaintiff has the right to pursue in the insured's stead and on the insured's behalf "any legal action as maybe [sic] necessary to recover payments for services rendered" to the insured. It is undisputed that all of the named third party insureds in the amended complaint are insured by defendants, and received medical treatment ostensibly within the ambit of those insurance policies. Those third party insureds are entitled to their benefits. Under Pennsylvania law, an insured has at his/her disposal various different vehicles by which the insurer's feet can be held to the fire; one of which is the bad faith statute found at 42 Pa.C.S.A. §8371. Thus, as a bad faith claim is a "legal action which is necessary to recover payments for services rendered," it falls within the language of the assignment.

 Although defendants may **disagree** with plaintiff's interpretation of the language contained in the assignments, they cannot, at this juncture, meet the legal standard for dismissal of Count IV. Plaintiff has not only **alleged** standing, but has proffered executed assignments of rights which contain language that, at the very least, **arguably** encompasses the assignee's right to pursue a bad faith claim in the insured's stead. Thus, as the court must accept as true all pleaded factual allegations, and must draw all inferences therefrom in favor of plaintiff, defendants cannot establish at this stage that the assignments are insufficient. In other words, assuming arguendo that the terms of the assignment are subject to varying interpretations, plaintiff is nevertheless entitled to the benefit of the doubt.

-5-

That being the case, and because defendants cannot establish that plaintiff is not entitled to relief under any factual scenario consistent with plaintiff's allegations, defendants are not entitled to dismissal of Count IV.

**B.    The "Plain Language" of the Assignments Does Indeed Assign the Insureds' Rights to Maintain Bad Faith Claims**

In this section of their motion, defendants have first argued that the language in the assignments does not specifically reference a "bad faith claim" and is therefore insufficient to bestow upon plaintiff the right to pursue same. In the same breath, though, defendants have argued that the language contained in the assignment, while too unspecific, is also too narrow to bring within its purview a bad faith claim.  As the court noted in Fran and John's Doylestown Auto Center, Inc. v. Allstate Insurance Company, 638 A.2d 1023, 1025 (Pa.Super. 1994) defendants are engaged in "semantic gamesmanship."

An assignment with similar language came under the scrutiny of the Superior Court, and was found to encompass a bad faith claim.  Specifically, in Fran and John's, an auto repair shop had secured assignments from Allstate's insureds to recover payment for repairs.  Id. at 1024.  The assignments, while not specifically referencing a "bad faith" claim as part and parcel of the assignment, contained the words, "any and all claims, rights, actions and causes of action which I may have against Allstate Insurance Company in connection with the repair of my vehicle...." Id. at 1024-1025.  In the case sub judice, the assignment likewise refers to "any legal action...necessary to recover payments for services rendered to me." The Fran and John's court held that such language was exhaustive, thereby encompassing a bad faith claim. Id. at 1025.  Thus, defendants are grasping

at the proverbial straws by arguing that the term "any legal action" does not include a claim under 42 Pa.C.S. §8371.

###    C.    Insureds Wanda Kelly and Isaac Rucker Did Assign Their Rights to Plaintiff

Defendants have further argued in their 2nd motion that since the named corporation on the assignments relating to Wanda Kelly (hereinafter "Kelly") and Isaac Rucker (hereinafter "Rucker") is "Champlost Family Practice" as opposed to "Champlost Family Medical Practice, P.C.," those assignments do not apply to plaintiff. In support thereof, defendants have cited to and extrapolated upon case law pertaining to the "rules of construction." Unfortunately for defendants, the legal principles upon which they have relied actually support plaintiff.

Defendants, via exhibits attached to the amended complaint, are in possession of all of the records pertaining to the treatment of Kelly and Rucker. See exhibits G&H of the Amended Complaint. These records reflect that Kelly and Rucker received their treatment at **Champlost Family Medical Practice, P.C.** Kelly and Rucker's records further reflect the respective dates of their accidents, which precisely correspond with those accident dates indicated on the assignments.

Defendants argued in this section of their motion that "an assignment is to be construed in accordance with the rules of construction governing contracts and the circumstances surrounding the execution of the assignment document." Defendants' Motion to Dismiss Count IV of the Amended Complaint at page 11. Citations omitted. In light of the "circumstances" surrounding the treatment records and the assignments, there is no mystery as to the entity to whom Kelly and Rucker assigned their rights of recovery for treatment related to injuries sustained in their respective accidents. Thus, the fact that plaintiff utilized a variation of its name on the assignment is of no consequence. Indeed, in having made such an argument, one would certainly hope that defendants never refer to

-7-

themselves as "State Farm," as opposed to "State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company," lest defendants be accused of being a separate and distinct company.

    **D.    Bad Faith Claims are Always Contemplated when an Insurer is Obligated to Pay Future Benefits**

Defendants' final argument is incomprehensible. Defendants appear to be arguing in this section of their motion that since the assignments were executed prior to the submission of any claim forms to defendants, the parties, while perhaps having contemplated the **possibility** of a bad faith claim, did not, at the time of the assignment, contemplate an **"actual or potential"** bad faith claim. Defendants base this allegation on the fact that, at the time the assignments were executed, defendants had not yet been given the opportunity to ignore the claims! Therefore, the parties didn't **actually know** that defendants would ultimately spurn them, and could not have contemplated the eventuality of a bad faith action. The defendants further argue that since the terms of the assignment did not specifically reference "bad faith," the parties could not have contemplated same upon execution of the assignment. Again, defendants are grasping at the proverbial straws.

As noted above, insureds have several legal avenues at their disposal when insurers refuse to honor claims. For instance, an insured can institute a breach of contract action, and actions pursuant to 75 Pa.C.S.A. §§1716, 1797, 1798, and/or 42 Pa.C.S.A. §8371 in an effort to recover benefits, legal fees, and punitive damages. That being the case, and because of the recent trend of heightened, and oftentimes unreasonable, scrutiny on the part of insurance companies, an insured's initial assignment of his/her right to pursue "any legal action...necessary to recover payment for

services rendered" clearly has within its purview and contemplation a potential bad faith claim. Therefore, defendants' specious argument must fail.

## III.    CONCLUSION

In light of the foregoing, Plaintiff, Champlost Family Medical Practice, P.C. would respectfully request that this honorable court deny Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Motion to Dismiss Count IV of the Amended Complaint.

DOLCHIN, SLOTKIN & TODD, P.C.

Date:_____          BY:    _____
                                 JOEL W. TODD, ESQUIRE
                                 JULIA CARPINO, ESQUIRE
                                 Attorneys for Plaintiff

-9-

## CERTIFICATION OF SERVICE

       I, JOEL W. TODD, ESQUIRE, counsel for plaintiff, do hereby certify that I have caused the attached **PLAINTIFF CHAMPLOST FAMILY MEDICAL PRACTICE, P.C.'S RESPONSE TO DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S   MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT** together with **MEMORANDUM OF LAW** to be served upon the following person(s) on the date listed below, via United States First Class Mail, to the following address:

                       Brian A. Wall, Jr., Esquire
                       Britt, Hankins, Schaible & Moughan
                       Suite 515, Two Penn Center Plaza
                       1500 John F. Kennedy Blvd.
                       Philadelphia, PA 19102-1888

                       _____
                       JOEL W. TODD, ESQUIRE
                       JULIA CARPINO, ESQUIRE
                       Attorney for Plaintiff

DATE:_____