## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHAMPLOST FAMILY        :
MEDICAL PRACTICE, P.C.,    :
      Plaintiff,        :     CIVIL ACTION
                            :
   v.                   :
                            :
STATE FARM MUTUAL      :
AUTOMOBILE INSURANCE   :
COMPANY, ET AL.         :     No. 02-3607
      Defendant.      :

## SCHEDULING ORDER

    **AND NOW**, this    day of **September, 2002**, following a Rule 16 conference on September 26, 2002 with counsel for the parties, and pursuant to Federal Rule of Civil Procedure 16 and Local Rule of Civil Procedure 16.1(b), it is hereby **ORDERED** that:

1.    Counsel for all parties are strongly encouraged to resolve discovery disputes by themselves.  In the event a discovery dispute requires court intervention, the parties shall first seek a telephone conference with the Court before filing any motion.

2.    Any motions for leave to amend the pleadings and any motions for leave to join other parties shall be filed by **October 11, 2002.**[1]

3.    All discovery shall be completed by **February 3, 2003.**

4.    Any motions for summary judgment shall be filed by **February 24, 2003**.[2]

---

1.  All requests for action by the Court shall be by motion, *see* FED. R. CIV. P. 7(b), except for routine requests, which may be by letter to the Court with copies to all parties, indicating in such a letter whether the other parties consent to the request. The parties must submit courtesy copies of pleadings and/or motions.  Responses to all motions are due no later than fourteen days from the date of filing, weekends included, court holidays excluded.  Court permission, by motion, is required before a party files a reply to a response to any motion.  Any reply brief is limited to the issues raised in the response, and may not raise theories or issues not discussed in the original motion.

2.  Motions for summary judgment must provide specific citations to those portions of the record which show an absence of any genuine issue of material fact.  Similarly, the papers opposing a

Responses to any motions for summary judgment shall be filed within the time permitted under Local Rule of Civil Procedure 7.1(c). Counsel are expected to communicate with each other and, if possible, to produce a joint appendix for submission to the court.

5.    A Final Pretrial Conference will be held on **April 28, 2003** at **8:30 a.m.** Forty-eight hours prior to a pretrial conference, the parties may submit to chambers a list of issues, no longer than two pages, which they wish to discuss at the conference.

6.    The parties will file a joint pretrial disclosure memorandum at least fourteen (14) days before the final pretrial conference that will advise the court fully with respect to the following:

a.    The equipment to be used by each party during trial, if any, including equipment already installed in the courtroom and equipment to be brought to the courtroom, and any arrangements for shared use of equipment.

b.    The presentation software to be used by each party during trial, if any, and whether each party is able to receive and use digital files of presentation materials prepared by the other.

c.    Any expected use of videoconferencing.

d.    The testing, inspection, compatibility, reliability, positioning, and backup for any equipment to be brought to the courtroom for trial. Each party will have adequate opportunity to inspect any equipment, except a computer containing privileged and work product materials, brought into the courtroom by the other party for use in making presentations during trial. Counsel will be expected to represent to the court at the outset of trial that these matters have been dealt with satisfactorily. The Court expects no delays resulting from equipment failures that could have been

---

motion for summary judgment should provide specific citations to those portions of the record which demonstrate the existence of a genuine issue of material fact. For claims arising under state law, counsel must brief the basis for choosing the applicable law, or submit a stipulation signed by all parties that the law of a particular state applies.

anticipated..

7.  In lieu of pretrial memoranda or a Final Pretrial Order under Local Rules 16.1(d)(1) and (2), counsel shall submit a joint Pretrial Stipulation by the date of the final pretrial conference, containing:

    a.  Agreed facts.  Counsel should make a conscientious effort to narrow the areas of dispute;

    b.  Each party's disputed facts;

    c.  A list of each party's witnesses and exhibits, the subject matter of each witness's testimony, other disclosures required by Rule 26(a)(3), and a realistic, good faith estimate of the total time for trial.   The parties should have pre-marked and exchanged all exhibits for trial.  Any objections to the authenticity of evidence should be noted or will be considered waived. Objections pursuant to Rule 26(a)(3) are due seven days thereafter.

    d.  Proposed voir dire questions (for jury trials only);

    e.  A summary of the applicable law, including, in diversity cases, the basis for choosing the applicable law;

    f.  An alert to the court of unusual legal issues which would serve as the basis for a motion for a judgement as a matter of law (FED. R. CIV. PRO. 50) or other dispositive motion. The parties should state their contentions and the authority for those contentions;

    g.  The signed approval of trial counsel for each party.

8.  By **April 25, 2003**, counsel shall submit the following, with copies submitted to chambers in hard copy form and on disk (in Word Perfect 8 format, if possible):

    a.  For jury trials, proposed points for charge and verdict sheets **OR**, for non-jury trials, proposed findings of fact and conclusions of law.  **For all disputed legal issues, include citations to relevant authority or challenges on that point will be deemed waived;**

    b.  Proposed jury verdict sheets (for jury trials only).

3

9.      Final pretrial motions are due **April 25, 2003.**[3]

10.     A jury trial in the above captioned case is set for **May 5, 2003** in Courtroom 5C.

11.     At the outset of the first day of trial, all counsel must submit two sets of pre-marked and tabbed three ring binders containing all exhibits in the case. For physical ("real") evidence, simply insert a tabbed page listing an exhibit number and enclose a short description of the exhibit. If the documentation in the trial is so voluminous that the use of binders is impracticable, counsel should notify the court to make alternate arrangements.

12.     If agreeable to both parties, counsel for plaintiff shall telephone Chambers to schedule a settlement conference with a Magistrate Judge. Plaintiff's counsel shall promptly advise the court of settlement of the case.

**BY THE COURT:**

_____

**Berle M. Schiller, J.**

---

3. Such motions are not to exceed ten pages. Parties are encouraged to submit pretrial motions earlier, if possible.

4