IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY | : | |
| MEDICAL PRACTICE, P.C., | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE, | : | No. 02-3607 |
|     Defendant. | : | |

## MEMORANDUM AND ORDER

**SCHILLER, J.**                                                                                    October    , 2002

Plaintiff Champlost Family Medical Practice, P.C. ("Champlost") commenced this action against Defendant State Farm Insurance ("State Farm"),[1] alleging violations of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 PA. CON. STAT. §§ 1716, 1797, and 1798 (2002), and Pennsylvania's bad faith statute, 42 PA. CON. STAT. § 8371 (2002).  Presently before the Court is State Farm's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Champlost's bad faith claim.  For the reasons set forth below, I deny State Farm's motion.

## I.     BACKGROUND

Plaintiff, a professional corporation that provides medical care and treatment, alleges that it submitted health insurance claim forms for care and treatment it provided to a number of State Farm insureds, but has not received payment. (Second Am. Compl. ¶¶ 5-7, 11-71.) Plaintiff further alleges that State Farm, in violation of the MVFRL, refused to pay first-party medical benefits to Champlost on behalf of its insureds.  (*Id*. ¶¶ 73-77.)   As one of its claims under the MVFRL, Plaintiff alleges that State Farm's conduct violated the provisions of 75 PA. CON. STAT. § 1797,

---

[1] It appears that State Farm's proper designation is State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company.

governing the use of peer review organizations. In addition to claims under the MVFRL, Champlost seeks damages under Pennsylvania's bad faith statute because State Farm allegedly "acted in an unreasonable, wanton manner by refusing without legal justification to process the first party claims submitted by Champlost. . . ." (*Id*. ¶ 89). Champlost asserts that it is entitled to pursue the bad faith claim because certain patients insured by State Farm assigned their rights to first party benefits to Champlost. (Second Am. Compl., Exs. I-J1.)

## II.   STANDARD OF REVIEW

In considering Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of Plaintiffs, the non-movants. *See Fuentes v. S. Hills Cardiology*, 946 F.2d 196, 201 (3d Cir. 1991). Furthermore, a motion to dismiss will only be granted if it is clear that relief cannot be granted to the plaintiff under any set of facts that could be proven consistent with the complaint's allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   DISCUSSION

State Farm's motion seeks only the dismissal of Champlost's claim under the bad faith statute.[2] Under Pennsylvania law, an insured's claim under section 8371 is assignable. *See Brown*

---

[2] Pennsylvania's bad faith statute provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insured.

42 PA. CONS. STAT. § 8371

*v. Candelora*, 708 A.2d 104, 112 (Pa. Super. 1998). As a general matter, assignments are interpreted in accordance with the rules of construction governing contracts. *See Horbal ex rel. Highland Fin. Ltd. v. Moxham Nat'l Bank*, 697 A.2d 577, 583 (Pa. 1997). "It is well settled that when interpreting a contract, Pennsylvania courts look to the words of the agreement in order to determine the parties' intent." *State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 717 (3d Cir. 2000). The process of interpreting a contract requires the court to make a preliminary inquiry as to whether the contract is ambiguous. *See Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3d Cir. 1994). In this regard, State Farm correctly concedes that the language of the clause is unambiguous. (Defs.' Letter Br. at 2 (Oct. 3, 2002.)

> When construing agreements involving clear and unambiguous terms, [the court] need only examine the writing itself to give effect to the parties' understanding. The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation. When the terms of a written contract are clear, [the court] will not re-write it to give it a construction in conflict with the accepted and plain meaning of the language used.

*Vaccarello v. Vaccarello*, 757 A.2d 909, 914 (Pa. 2000) (quoting *Carsone v. Carsone*, 688 A.2d 733, 734-35 (Pa. Super. 1997). The following language is at issue:

> I assign my rights to [Champlost], which maybe [sic] granted to me under any laws of any state to bring in my stead on my behalf any legal action(s) as maybe necessary to recover payment for services rendered to me.

(Second Am. Compl., Exs. I-J1.) State Farm argues that because the assignments do not expressly address claims under the bad faith statute, Plaintiff is not entitled to pursue such claims in this action. I disagree for several reasons. First, the language of the assignment is very broad, assigning Champlost rights under "any law of any state to bring . . . any legal action. . . ." Second, bad faith actions, by providing for awards of attorney's fees, interest, and punitive damages, grant plaintiffs substantial legal leverage – leverage often necessary for the recovery of benefits owed by insurers. As such, claims under section 8371 are legal actions "necessary to recover payment" as employed

3

in the expansive language of the assignments. Thus, I find that the terms of the assignment are a clear reflection of the parties' intent that Champlost be entitled to pursue, *inter alia*, claims under the bad faith statute.

In arguing for the dismissal, State Farm also contends that Plaintiff's bad faith claim must be dismissed because section 8371 is preempted by 75 PA. CON. STAT. § 1797. Although courts have not reached uniform agreement on the issue of section 1797's preemption of section 8371, courts have held that section 1797 does not preempt claims under the bad faith statute in all circumstances:

> [Plaintiff] may not pursue a bad faith claim under [section 8371] on the basis that the peer review association selected by defendant wrongfully denied plaintiff first-party benefits. This claim is preempted by the Pennsylvania Motor Vehicle Financial Responsibility Act.
>
> However, plaintiff may purse a bad faith claim under [section 8371] to the extent that claim is based on defendant's 'not having properly followed or invoked the statutory procedure' governing peer review organizations. . . .

*Panameno v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 99-1490, 1999 U.S. Dist. LEXIS 7321, 1999 WL 320916, at * 1 (E.D. Pa. May 19, 1999) (quoting *Schwartz v. State Farm Ins. Co.* Civ. A. No. 96-160, 1996 U.S. Dist. LEXIS 4994, 1996 WL 189839, at *4 (E.D. Pa. 1996) (citations omitted). Because Champlost is not alleging that a peer review association wrongfully denied first-party benefits, I cannot conclude that Plaintiff can prove no set of facts that would entitle it to relief.

Lastly, State Farm argues that Champlost's bad faith claim brought on the behalf of two insureds, Wanda Kelly and Isaac Rucker, should be dismissed because the relevant assignments name "Champlost Family Practice" rather than the party designated as the plaintiff in this matter, "Champlost Family Medical Practice, P.C." In this regard, State Farm is seizing upon a de minimis difference that does not amount to a meaningful distinction. Significantly, Champlost Family Practice has the same address as Plaintiff, and Champlost has filed invoices of services provided to

4

Wendy Kelly and Isaac Rucker as exhibits to its amended complaint. (Second Am. Compl., Ex. G.) Consequently, I will not dismiss the Champlost's bad faith claim brought on the behalf of Wandy Kelly and Isaac Rucker.

## IV. CONCLUSION

Accordingly, I deny State Farm's motion. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., Plaintiff, | : : : : | CIVIL ACTION |
| v. | : : | |
| STATE FARM INSURANCE, Defendant. | : : | No. 02-3607 |

### ORDER

**AND NOW**, this ____ day of **October, 2002**, upon consideration of Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint, Plaintiff's response thereto, the parties' letter briefs, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (Document No. 7) is **DENIED**.

2. Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint (Document No. 2) is **DENIED** as moot.

BY THE COURT:

_____
**Berle M. Schiller, J.**