IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : : : | CIVIL ACTION |
| v. | : : | |
| STATE FARM INSURANCE v. CHAMPLOST FAMILY PRACTICE, INC. AND CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., AND ALAN LICHT AND ALEXANDER S. FINE, M.D. Counterclaim Defendants | : : : : : : : : : | NO.: 02-CV-3607 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

1.  Admitted upon information and belief.

2.  Denied. To the contrary, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, improperly sued as "State Farm Insurance" (hereinafter "State Farm") are corporations which are licensed to conduct business in the Commonwealth of Pennsylvania with their principal place of business located at the identified address.

3-4.  Admitted.

5.  Admitted upon information and belief.

6.  Denied

7-8.  Admitted.

9-10. Admitted that State Farm issues policies pursuant to the terms of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. The provisions of the insurance policies speak for themselves. The remaining averments are denied.

11-26. Admitted in part, denied in part. Admitted only that State Farm received documentation from Champlost which purports to set forth medical treatment and care for which reimbursement is sought. All remaining allegations are denied.

27-70. Admitted in part, denied in part. Admitted only that State Farm allegedly received documentation from Champlost which purports to set forth medical treatment and care for which reimbursement is sought. Champlost has failed to provide any documentation in support of its averment of services provided. All remaining allegations are denied.

71. Denied.

## ANSWER TO COUNT I

72. The preceding paragraphs of this pleading are incorporated here.

73. Admitted.

74-77. Denied.

**WHEREFORE**, defendants demand judgment in their favor together with such other relief as the Court may deem proper.

## ANSWER TO COUNT II

78. The preceding paragraphs of this pleading are incorporated here.

79-82.   Denied.

**WHEREFORE**, defendants demand judgment in their favor together with such other relief as the Court may deem proper.

## ANSWER TO COUNT III

83.   The preceding paragraphs of this pleading are incorporated here.

84-85.   Admitted only that State Farm received insurance claim forms from Plaintiff.  Denied that State Farm was obligated to pay Plaintiff upon presentment of invoices for alleged treatment.

86.   Denied.

**WHEREFORE**, defendants demand judgment in their favor together with such other relief as the Court may deem proper.

## ANSWER TO COUNT IV

87.   The preceding paragraphs of this pleading are incorporated here.

88.   Admitted only concerning bills set forth in the Second Amended Complaint.

89.   Denied.

90.   Admitted.

91-122.   Denied.  Plaintiff's characterization of the documents attached as Exhibit "I" - "L1" is denied and it is further denied that Champlost has standing to assert bad faith claims pursuant to these documents.

123.   Admitted.

124-125. Denied since State Farm has not breached any known duty to Plaintiff and has not acted in bad faith.

WHEREFORE, defendants demand judgment in their favor, together with such other relief as the Court may deem proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited by the terms and conditions of the policies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for payment of physical therapy are not compensable under the terms of the MVFRL, 75 Pa. C.S.A. §1701 et seq.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint states claims for payment of benefits for which Plaintiff has not submitted reasonable proof of the amount of benefits and involving medically unnecessary treatment which is not, therefore, compensable under the terms of the policies and the MVFRL.

## FIFTH AFFIRMATIVE DEFENSE

At all times, Defendants have acted in good faith and for reasonable cause in the investigation of Plaintiff's claims for first party benefits and fully and fairly complied with the terms and conditions of the automobile polices at issue.

## SIXTH AFFIRMATIVE DEFENSE

An award of punitive damages under the circumstances of this case would be in violation of the Pennsylvania and United States Constitutions.

## SEVENTH AFFIRMATIVE DEFENSE

There was no outrageous, willful, wanton or reckless conduct that would justify the award of punitive damages under the circumstances of this case.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert a cause of action for bad faith damages pursuant to 42 Pa. C.S.A. §8371.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by Defendants' claim for attorneys' fees pursuant to 75 Pa. C.S.A. §1798(c).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it failed to cooperate with Defendants' investigation.

## COUNTERCLAIM

1. State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (hereinafter collectively referred to as "State Farm") are each corporations existing under the laws of the State of Illinois, with principle places of businesses located at One State Farm Plaza, Bloomington, IL, 61710. Plaintiffs are duly organized and licensed to engage in the writing of automobile insurance policies in the Commonwealth of Pennsylvania. Plaintiffs issue policies providing their customers with MPC (Medical Payment Coverage) benefits in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law 75 Pa.C.S. §1701 et seq. and other applicable laws.

2. Counterclaim Defendant, Champlost Family Practice, Inc. (hereinafter "Champlost") is a business corporation which conducted business in the Commonwealth of Pennsylvania at a principle place of business located at 6000 North Broad Street, Philadelphia, PA 19141. Champlost Family Practice purported to engage in the business of providing medical care and treatment and, upon information and belief, was re-formed as Champlost Family Medical Practice, P.C. when it was determined that the business corporation was illegally formed in violation of the ban on corporate practice of medicine.

3. Counterclaim Defendant, Champlost Family Medical Practice, P.C. (hereinafter "Champlost") is a corporation licensed to conduct business in the Commonwealth of Pennsylvania with its principal place of business located at 6000 North Broad Street, Philadelphia, PA 19141 and purports to engage in the business of providing medical care and treatment.

4. Counterclaim Defendant, Alexander S. Fine, M.D. (hereinafter "Fine"), is a physician, who upon information and belief, has an office and place of business located at 6000 North Broad Street, Philadelphia, PA 19141.

5. Counterclaim Defendant, Alan Licht (hereinafter "Licht"), is an adult individual who, at all material times, acted as an owner, administrator, and/or employee of Champlost Family Inc. and Champlost Family Medical Practice, P.C.

6. On February 25, 2002, State Farm received HCFA-1500 forms and supporting medical records from Champlost concerning treatment allegedly rendered to State Farm insured Jesse Jones (claim number 38-J860-264) from January 17, 2002 to February 12, 2002 and bills for medical supplies.

7. On February 7, 2002, State Farm received HCFA-1500 forms and supporting medical records from Champlost involving treatment allegedly rendered to State Farm insured Dahlia Monroe (claim number 38-J828-249) from November 29, 2001 until January 31, 2002.

8. On March 1, 2002, State Farm received HCFA-1500 forms and supporting medical records from Champlost involving treatment allegedly rendered to State Farm insured Marc Glenn (claim number 38-J840-512) from December 17, 2001 until February 22, 2002.

9. On July 20, 2001 and August 30, 2001, State Farm received HCFA-1500 forms and supporting medical records from Champlost involving treatment allegedly rendered to State Farm insured, Brenden Le (claim number 38-J711-527) from June 4,

2001 until August 9, 2001.  Additional documentation of treatment on August 24, 2001 was received September 27, 2001.

      10.      On January 22, 2002, State Farm received  HCFA-1500 forms and supporting medical records from Champlost involving treatment allegedly rendered to Sharon Whittaker (claim number 38-J804-362) from October 29, 2001 until January 9, 2002.

      11.      On January 14, 2002, State Farm received from Champlost HCFA-1500 forms and supporting medical records involving treatment allegedly rendered to Sheir-Ron Whittaker (claim number 38-J804-362) from October 30, 2001 until January 8, 2002.

      12.      On March 7, 2002, State Farm received from Champlost HCFA-1500 forms and supporting medical records involving treatment allegedly rendered to Edward Scott, Jr. (claim number 38-J847-583) from December 26, 2001 until March 1, 2002.

      13.      On July 12, 2002, State Farm received from Champlost HCFA-1500 forms and supporting medical records involving treatment allegedly rendered to Hakim Uqdah (claim number 38-J846-966) from December 24, 2001 until June 11, 2002.

      14.      On or before June 7, 2002, State Farm received from Champlost HCFA-1500 forms and supporting medical records involving treatment allegedly rendered to Ronald Hawkins (claim number 38-J840-506) from December 17, 2001 until April 23, 2002.

15. The documentation submitted by Champlost Family Practice, Inc. and Champlost Family Medical Practice, P.C. includes HCFA-1500 forms, bills, medical reports, treatment records, and other documents that are fraudulent because they:

(a) represent on HCFA-1500 forms signed by Alexander S. Fine, M.D. that he was the provider and/or supplier of physical therapy treatment, when, in fact, physical therapy treatment was provided by unlicensed assistants in violation of the Physical Therapy Practice Act 63 P.S. §1304;

(b) represent that physical therapy treatment was provided to State Farm insureds which, in fact, was not performed or provided;

(c) overstate and misrepresent the length of time spent performing certain physical therapy treatments in order to support claims for reimbursement set forth on the submitted documentation.

16. State Farm believes, and therefore avers, that Champlost Family Practice and Champlost Family Medical Practice, P.C. have engaged in a course of conduct involving the systematic provision of physical therapy treatment by unlicensed individuals in violation of the Physical Therapy Practice Act and will continue to do so in the future and continue to seek reimbursement from State Farm for these services.

17. State Farm believes, and therefore avers, that Champlost Family Practice and Champlost Family Medical Practice, P.C. will continue to submit documentation to State Farm and seek reimbursement from State Farm for physical therapy services which

contain the misrepresentations more specifically described in paragraph 13 of this Counterclaim.

18. Under the laws of the Commonwealth of Pennsylvania and the terms of the relevant State Farm policies, the insurer is required to pay reasonable and necessary medical expenses related to injuries sustained by its insureds arising out of the use or operation of a motor vehicle.

### COUNT I - DECLARATORY JUDGMENT

19. The preceding paragraphs of this pleading are incorporated here.

20. Under Pennsylvania law, State Farm is not obligated to pay for physical therapy services performed by unlicensed individuals. See 75 Pa. C.S.A. §1712. See also Nationwide Mutual Ins. Co. v. Glickman, 1996 U.S. Dist. LEXIS 15530 (attached as Exhibit "A"). See also, Kleinberg v. Septa, 765 A.2d 405 (Pa. Cmwlth. Nov. 29, 2000) appeal granted, 793 A.2d 911 (Pa. Dec. 19, 2001).

21. An actual controversy between the parties has arisen out of the Plaintiff's operation of its business. Specifically, Champlost continues to submit invoices for physical therapy services to State Farm and/or its insureds for payment. State Farm disputes that Champlost has any legal right to enforce collection of these bills for the reasons set forth in the preceding paragraphs.

22. Pursuant to 28 U.S.C. §2201 et seq., this Court is vested with the power to declare and adjudicate the rights and liabilities of the parties, and to give such other relief as may be necessary to enforce same.

**WHEREFORE**, State Farm prays that this Honorable Court:

    a.    declare that Champlost's provision of physical therapy services utilizing unlicensed individuals constitutes a violation of Pennsylvania law;

    b.    declare that Champlost, at all times, lacked the legal right to collect payment for physical therapy services performed;

    c.    declare that State Farm is not obligated to pay invoices submitted by Champlost for physical therapy services involving past and future treatment performed by unlicensed individuals; and

    d.    grant such other relief as equity may require and that this Court may deem proper and just.

## COUNT II - UNJUST ENRICHMENT

23.    The preceding paragraphs of this pleading are incorporated here.

24.    Champlost's retention of reimbursement monies paid by State Farm for physical therapy services provided by unlicensed individuals was wrongful because these monies were obtained as a direct result of its violation of Pennsylvania law.

25.    Champlost has been unjustly enriched to the extent of any compensation received for physical therapy services performed in violation of Pennsylvania law.

26.    It would be unconscionable and inequitable for Champlost to retain monies received for reimbursement of physical therapy services performed by unlicensed individuals.

**WHEREFORE**, State Farm demands that judgment be entered in its favor and against Counterclaim Defendants, in an amount representing all payments made to Counterclaim Defendants by State Farm for physical therapy services which were performed by unlicensed individuals, interest, costs, attorneys fees and such other relief as the Court shall deem appropriate.

**COUNT III**
**RESTITUTION FOR MISTAKEN PAYMENT**

27.     The preceding paragraphs of this pleading are incorporated here.

28.     Champlost has submitted invoices for reimbursement concerning physical therapy services allegedly performed on its premises to State Farm insureds.

29.     State Farm has reimbursed Champlost for such physical therapy services utilizing the fee schedules permitted by Pa. 75 Pa. C.S. §1797.

30.     State Farm's payment of these monies was based upon the mistaken belief that physical therapy services were rendered by persons permitted to perform such services under Pennsylvania law and without full knowledge of the fact that such physical therapy services were rendered by unlicensed individuals.

31.     As a direct consequence of State Farm's mistake, Champlost received payments to which it was not entitled, and it would be unjust to permit Champlost to retain the benefits of its violation of the Physical Therapy Practice Act and applicable Pennsylvania law.

WHEREFORE, State Farm demands that judgment be entered in its favor and against Counterclaim Defendants, in an amount representing all payments made to Counterclaim Defendants by State Farm for physical therapy services which were performed by unlicensed individuals, interest, costs, attorneys fees and such other relief as the Court shall deem appropriate.

### COUNT IV - COMMON LAW FRAUD

32. The preceding paragraphs of this pleading are incorporated here.

33. The acts committed by Counterclaim Defendants as set forth above constitute false and fraudulent representations.

34. The Counterclaim Defendants intended that State Farm would be induced by such false and fraudulent representations to provide payment on behalf of its insureds for medical treatment allegedly received as a result of injuries.

35. State Farm has justifiably relied on the fraudulent misrepresentations made by the Counterclaim Defendants to make payment to Champlost for treatment allegedly provided to its insureds.

36. As a result of the fraudulent misrepresentations made by the Counterclaim Defendants, State Farm was induced to make payments under insurance policies and/or incur expenses in the investigation and adjustment of claims.

37. The fraudulent misrepresentations by Counterclaim Defendants were made with malice, vindictiveness and wanton disregard for the rights of State Farm, thus entitling State Farm to recovery of exemplary and punitive damages.

**WHEREFORE**, State Farm, demands that judgment be entered in its favor and against Champlost, Fine and Licht for compensatory damages, interest, costs, attorneys' fees, punitive damages and other such relief as the court shall deem appropriate.

### COUNT V – VIOLATIONS OF 18 PA.C.S.A. §4117(a)(2)

38.   The preceding paragraphs of this pleading are incorporated here.

39.   State Farm is an "insurer" within the meaning of 18 Pa.C.S.A. §§4117(a)(2) and 4117(1).

40.   The Counterclaim Defendants, Champlost, Fine & Licht, are each a "person" within the meaning of 18 Pa.C.S.A. §4117(a)(2) and 4117(1).

41.   The insurance claim forms, medical reports and bills and other records produced by the Counterclaim Defendants are "statements" within the meaning of 18 Pa.C.S.A. §§4117(a)(2) and 4117(1).

42.   Each Counterclaim Defendant has acted in violation of 18 Pa.C.S.A. §4117(a)(2), through the acts set forth above, by presenting or causing to be presented to State Farm statements forming a part of, or in support of, insurance claims which set forth false and fraudulent information concerning facts material to such insurance claims.

43.   These acts of fraud were both related and continuous, thereby constituting a pattern of fraud under 18 Pa.C.S.A. §4117(g).

44.   State Farm was injured by the conduct of defendants as set forth above.

**WHEREFORE**, State Farm demands that judgment be entered in its favor and against all defendants for compensatory damages, claims handling expenses, costs of

investigation, interest, costs, attorneys fees, punitive damages and other such relief as the court shall deem appropriate.

### **COUNT VI – VIOLATIONS OF 18 PA.C.S.A. §4117(a)(3)**

45. The preceding paragraphs of this pleading are incorporated here.

46. State Farm is an "insurer" within the meaning of 18 Pa.C.S.A. §§4117(a)(3) and 4117(1).

47. Each Counterclaim Defendant is a "person" within the meaning of 18 Pa.C.S.A. §4117(a)(3) and 4117(1).

48. The insurance claim forms, medical reports, bills and other records produced by Counterclaim Defendants are "statements" within the meaning of 18 Pa.C.S.A. §§4117(a)(3) and 4117(1).

49. Each Counterclaim Defendant has acted in violation of 18 Pa.C.S.A. §4117(a)(3), through the acts set forth above, by knowingly and with intent to defraud State Farm, assisting, abetting, soliciting and/or conspiring with others to prepare statements that were intended to be presented to State Farm in connection with, or in support of, insurance claims which set forth false fraudulent information concerning facts material to such insurance claims.

50. These acts of fraud were both related and continuous, thereby constituting a pattern of fraud under 18 Pa.C.S.A. §4117(g).

51. State Farm was injured by the conduct of defendants as set forth above.

**WHEREFORE**, State Farm demands that judgment be entered in its favor and against all defendants for compensatory damages, claims handling expenses, costs of investigation, interest, costs, attorneys fees, punitive damages and other such relief as the court shall deem appropriate.

**COUNT VII - VIOLATIONS OF 18 PA.C.S.A. §§4117(a)(2) AND 4117(a)(5)**

52.  The preceding paragraphs of this pleading are incorporated here.

53.  Each Counterclaim Defendant has acted in violation of 18 Pa.C.S.A. § 4117(a)(5) by knowingly benefitting, directly and/or indirectly, from the proceeds derived from violations of the provisions of 18 Pa.C.S.A. §4117(a)(2) as set forth above.

**WHEREFORE**, State Farm demands that judgment be entered in its favor and against all defendants for compensatory damages, claims handling expenses, costs of investigation, interest, costs, attorneys fees, punitive damages and other such relief as the court shall deem appropriate.

**COUNT VIII – VIOLATIONS OF PA.C.S.A. §4117(a)(3) AND 4117(a)(5)**

54.  The preceding paragraphs of this pleading are incorporated here.

55.  Each Counterclaim Defendant has acted in violation of 18 Pa.C.S.A. § 4117(a)(5) by knowingly benefitting, directly and/or indirectly, from the proceeds derived from violations of the provisions of 18 Pa.C.S.A. §4117(a)(3) as set forth above.

**WHEREFORE**, State Farm demands that judgment be entered in its favor and against all defendants for compensatory damages, claims handling expenses, costs of

investigation, interest, costs, attorneys fees, punitive damages and other such relief as the court shall deem appropriate.

### COUNT IX - ATTORNEYS FEES UNDER 75 PA. C.S.A. §1798

56. The preceding paragraphs of this pleading are incorporated here.

57. Under the provisions of 75 Pa.C.S. §1798(d);

> If, in any action by a claimant to recover benefits under this chapter, the court determines that the claim, or a significant part thereof, is fraudulent or so excessive as to have no reasonable foundation, the court may award the insured's attorneys a reasonable fee based upon time expended.

58. The claims for recovery of benefits set forth in the original Complaint are so excessive as to have no reasonable foundation.

59. The claims for recovery of benefits set forth in plaintiffs' Complaint are fraudulent.

**WHEREFORE**, State Farm respectfully requests that this Court enter an Order directing Champlost to pay reasonable attorneys fees based upon actual time expended, or alternatively, offset any claim for benefits due or to become due to Champlost by the amount of said attorneys fees.

### COUNT X - OFFSET

60. The preceding paragraphs of this pleading are incorporated here.

61. In the event that Champlost prevails on any claims set forth in its Amended Complaint, the recoverable damages, if any, are offset/reduced by the damages recoverable pursuant to causes of action set forth in this Counterclaim.

**WHEREFORE**, State Farm demands that judgment be entered in its favor and against all defendants for compensatory damages, claims handling expenses, costs of investigation, interest, costs, attorneys fees, punitive damages and other such relief as the court shall deem appropriate.

                BRITT, HANKINS, SCHAIBLE & MOUGHAN

                BY: _____
                     Joseph D. Mancano, Esquire
                     Brian A. Wall, Jr., Esquire
                     Attorneys for Defendant
                     Suite 515, Two Penn Center Plaza
                     Philadelphia, PA 19102
                     (215) 569-6900

Date: _____

## **CERTIFICATE OF SERVICE**

      I certify that a copy of Defendants' Partial Answer to Plaintiff's Amended Complaint with Affirmative Defenses and Counterclaim was transmitted to Plaintiff's Counsel this day via fax and regular U.S. mail at the address listed below:

      Joel W. Todd, Esquire
      Dolchin, Slotkin & Todd, P.C.
      One Commerce Square, 24th Floor
      2005 Market Street
      Philadelphia, PA 19103

      _____
      Brian A. Wall, Jr.

Date : _____