IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | NO.: 02-CV-3607 |
| v. | : | |
| CHAMPLOST FAMILY PRACTICE, INC. AND | : | |
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., AND | : | |
| ALAN LICHT AND | : | |
| ALEXANDER S. FINE, M.D. | : | |
| Counterclaim Defendants | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of State Farm's Motion to Strike Plaintiff's/Counterclaim Defendants' Objections and Compel Responses to Interrogatories and Requests for Production of Documents, and any Response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. Champlost Family Practice, Inc., Champlost Family Medical Practice, P.C., Alan Licht and Alexander S. Fine, M.D. are ordered to provide full and complete answers to Interrogatories and Requests for Production of Documents within five (5) days of the date of this Order.

_____J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | NO.: 02-CV-3607 |
| v. | : | |
| CHAMPLOST FAMILY PRACTICE, INC. AND | : | |
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., AND | : | |
| ALAN LICHT AND | : | |
| ALEXANDER S. FINE, M.D. | : | |
| Counterclaim Defendants | : | |

### STATE FARM'S MOTION TO STRIKE PLAINTIFF'S/COUNTERCLAIM DEFENDANTS' OBJECTIONS AND COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

State Farm [1], by and through its counsel, Britt, Hankins, Schaible and Moughan, files this Motion to Strike Plaintiff's/Counterclaim Defendants' Objections and Compel Responses to its Interrogatories and Requests for Production of Documents. In support of this Motion, State Farm incorporates by reference the attached Memorandum of Law.

WHEREFORE, State Farm respectfully requests that this Honorable Court strike all objections of plaintiff/counterclaim defendants, Champlost Family Medical Practice, P.C, Champlost Family Practice, Inc., Alan Licht and Alexander S. Fine, M.D., and order plaintiff/counterclaim defendants to provide full and complete answers to State Farm's

---

[1] State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company are mistakenly identified in the caption of Plaintiff's Second Amended Complaint as "State Farm Insurance" and are hereinafter referred to as "State Farm".

Interrogatories and Requests for Production of Documents within five (5) days of the date of this Order.

        **BRITT, HANKINS, SCHAIBLE & MOUGHAN**

      **BY**: _____
        Brian A. Wall, Jr.
        Elizabeth Luening Long
        Attorneys for Defendant
        Two Penn Center, Suite 515
        15th and JFK Boulevard
        Philadelphia, PA 19102
        (215) 569-6900

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | NO.: 02-CV-3607 |
| v. | : | |
| CHAMPLOST FAMILY PRACTICE, INC. AND | : | |
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., AND | : | |
| ALAN LICHT AND | : | |
| ALEXANDER S. FINE, M.D. | : | |
| Counterclaim Defendants | : | |

**STATE FARM'S MOTION TO STRIKE PLAINTIFF'S/COUNTERCLAIM DEFENDANTS' OBJECTIONS AND COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**I.    FACTS**

On October 14, 2002, plaintiff filed its Second Amended Complaint alleging that it submitted health insurance claim forms for medical treatment and care provided to 30 (thirty) State Farm insureds.  See copy of Second Amended Complaint attached as Exhibit "A" at ¶¶ 11-71.  Plaintiff further alleges that State Farm's refusal to pay first party medical benefits to Champlost on behalf of these insureds is without legal justification.  See Exhibit "A" at ¶ 71.

On November 14, 2002, State Farm filed its Answer to Plaintiff's Second Amended Complaint with Affirmative Defenses and Counterclaim, a copy of which is

attached as Exhibit "B".  The Counterclaim alleges that plaintiff/counterclaim defendants submitted fraudulent medical reports, bills and forms to State Farm for payment.  See Exhibit "B" at ¶¶ 1-18.  State Farm also seeks a declaratory judgment that it is not liable for payment of physical therapy services performed by unlicensed individuals.  See Exhibit "B" at ¶¶ 19-22.  State Farm alleges causes of action for unjust enrichment, restitution for mistaken payment, common law fraud, violations of Pennsylvania's Insurance Fraud Statute and offset.  See Exhibit "B" at ¶¶ 23-61.

On October 8, 2002, State Farm served Interrogatories and Requests for Production of Documents upon plaintiff/counterclaim defendants.  Copies of State Farm's Interrogatories and Requests for Production of Documents to Champlost Family Medical Practice, P.C, Champlost Family Practice, Inc., Alan Licht and Dr. Fine and plaintiff's/counterclaim defendants' corresponding responses and objections are attached respectively as Exhibits "C", "D", "E" and "F".  Plaintiff's/counterclaim defendants' objections are frivolous and obstruct the production of relevant information bearing upon the lawsuit.  Thus, plaintiff/counterclaim defendants should be compelled to provide full and complete answers to State Farm's Interrogatories and Requests for Production of Documents.

## II.   DISCUSSION

Federal Rule of Civil Procedure 26(b) sets forth the scope of discovery:

> Parties may obtain discovery regarding any matter not privileged, that is relevant to the claim or defense of any

> party... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Under the Rules of Civil Procedure, an evasive or incomplete answer is considered a failure to answer. See Advisory Committee Notes to Subdivision (a)(3) of Rule 37; citing Come Mills Corp. v. Joseph Bancroft & Sons Co., 33 F.R.D. 318 (D.Del. 1963). The courts have consistently recognized their power to compel adequate answers. Id. When a party is unable to obtain discovery regarding pertinent issues his ability to obtain prompt resolution of a lawsuit is prejudiced. Id. at *4; citing, Adams v. Trustees, N.J. Brewery Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994).

    **A.**    **Plaintiff's/Counterclaim Defendants' Objections to State Farm's Interrogatories and Requests for Production of Documents Regarding Financial Information and Property Interests are Meritless**

State Farm requested information regarding property interests, ownership interests, bank accounts, financial information, tax preparation information, accounting information and amounts reimbursed to plaintiff/counterclaim defendants. See Exhibits "C" at Interrogatories ¶¶ 11, 17 and Requests for Production ¶¶ 10, 12-14, "D" at Interrogatories ¶¶ 5, 11, 17 and Request for Production ¶ 9, "E" at Interrogatories ¶¶ 8-11, and Requests for Production ¶¶ 6-8 and "F" at Interrogatories ¶¶ 8-11 and Requests for Production ¶¶ 6-8. Plaintiff/counterclaim defendants object to these requests on the basis that they seek confidential information. Id. This objection is without merit.

Case law regarding the discovery of financial information demonstrates that the party resisting production bears the burden of establishing lack of relevancy. Thompson v. Glenmede Trust Company, 1995 WL 752443, *2 (E.D. Pa. 1995). The party must demonstrate to the court that the requested documents either do not come within the broad scope of relevance defined by Fed. R. Civ. P. 26(b)(1), or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Id. The Eastern District Court has held that financial information is discoverable in order to refute the plaintiff's alleged damages, to prove damages and to prove financial connections or relationships with any other party or non-party. Id. at *3; Get-A-Grip, II, Inc. v. Hornell Brewing Co., Inc., 1999 WL 1285825, *3 (E.D. Pa. 1999); Jenn Air Corporation v. Penn Ventilator Company, Inc., 394 F. Supp. 665, 675 (E.D. Pa. 1975); In Re Orthopedic Bone Screw Products Liability Litigation, 1996 WL 900342, *2 (E.D. Pa. 1996).

State Farm has filed a Counterclaim that includes causes of action for unjust enrichment and restitution for mistaken payment. See Exhibit "B" at ¶¶ 23-31. In order to establish a prima facie case of unjust enrichment, State Farm must show: 1) that benefits were conferred upon the counterclaim defendants; 2) appreciation of such benefits by the counterclaim defendants; and 3) acceptance and retention of such benefits under such circumstances that it would be inequitable for the counterclaim defendants to retain the benefit without payment of value. Mitchell v. Moore, 199 Pa. Super. 77, *P8,

729 A.2d 1200, 1203 (1999), citing Schenck v. K.E. David, Ltd., 446 Pa. Super. 94, 98, 666 A.2d 327, 329. The elements of the remedy of restitution are: 1) a requisite mistake; and 2) consequent unjust enrichment. Commonwealth of Pennsylvania v. Collingdale Millwork Co., 71 Pa. Commw. 286, 292, 454 A.2d 1176, 1179 (1983).

In order to prevail on these causes of action, State Farm must establish the nature and extent of the benefits retained by counterclaim defendants. These Interrogatories and Requests for Production of Documents are directed towards the discovery of benefits received and how such benefits were retained by counterclaim defendants. State Farm is also entitled to information regarding counterclaim defendants' ownership interests in businesses with non-parties and other parties. In Re Orthopedic Bone Screw Litigation, 1996 WL 900342 at *2. Therefore, these objections must be stricken.

Champlost Family Medical Practice, P.C and Champlost Family Practice, Inc. also cannot object to State Farm's Interrogatories requesting that they identify all amounts reimbursed by State Farm to Champlost on the basis that State Farm is in possession of this information. See Exhibits "C" at Interrogatory ¶11 and "D" at Interrogatory ¶ 11. This objection is insufficient under the Federal Rules of Civil Procedure. A party's mere reference to documents that he alleges are already in another party's possession is an insufficient response to Interrogatories. Walt Disney Co. v. DeFabiis, 168 F.R.D. 281 (C.D. Cal. 1996). The responding party is required to produce documents in his possession, custody or control, regardless of whether he believes that the other party

already has those documents. Id. Therefore, this objection must be stricken and Champlost Family Medical Practice, P.C. and Champlost Family Practice, Inc. should be ordered to respond to Interrogatory 11.

Further, plaintiff's/counterclaim defendants' objection to State Farm's Request for Production of Documents regarding the ownership, purchase or lease of medical equipment must be stricken. This request is not overly burdensome and is clearly relevant. State Farm alleges billing for various modalities that were never performed. The performance of some of these modalities requires various equipment. These documents would establish whether plaintiff/counterclaim defendants even possess this equipment and whether these treatments could be properly billed. Therefore, this objection must be stricken.

  **B.**  **Plaintiff's/Counterclaim Defendants' Objections to State Farm's Interrogatories and Requests for Production of Documents Regarding CPT Coding and Billing Procedures Must be Stricken**

State Farm's Interrogatories and Requests for Production of Documents seek information regarding CPT coding and HCFA billing procedures, the individuals responsible for determining the appropriate CPT codes and generating the bills and the propriety of CPT Code 99204 for an initial office visit. See Exhibits "C" at Requests for Production ¶¶ 6-7, "D" at Interrogatories ¶¶ 12-14 and "E" at Request for Production ¶ 3. Plaintiff/counterclaim defendants object to these requests on the basis that they are overly broad and unduly burdensome. Id. These requests are clearly proper since Champlost's

billing and coding procedures are at issue.  State Farm alleges that Champlost utilized improper billing procedures to obtain reimbursement for certain services at higher rates and billed for services which were not provided to patients.

      **C.**    **Plaintiff's/Counterclaim Defendants' Objections to State Farm's Interrogatories and Requests for Production of Documents Regarding the Identity of Various Individuals Must be Stricken**

Plaintiff/counterclaim defendants have objected to various Interrogatories and Requests for Production of Documents requesting individuals to be identified.  First, State Farm requested that plaintiff/counterclaim defendants identify each and every person who they intend to call as a witness, including expert witnesses at trial.  See Exhibits "C" at Interrogatory ¶ 8 and Requests for Production ¶¶ 15-17, "D" at Interrogatory ¶ 8 and Requests for Production ¶¶ 14-16, "E" at Interrogatory ¶ 6 and Requests for Production ¶¶ 9-11 and "F" at Interrogatory ¶ 6 and Requests for Production ¶¶ 9-11.  Plaintiff/counterclaim defendants objected to these requests and indicated that such witnesses will be identified within the deadlines established by the Court.  Id.

This objection must be stricken because State Farm is entitled to know the identity of potential witnesses so that these individuals can be deposed.  Such information is obviously calculated to lead to the discovery of admissible evidence.

Second, State Farm requests that Champlost Family Medical Practice, P.C and Champlost Family Practice, Inc. identify all former and current employees and independent contractors.  See Exhibits "C" at Interrogatory ¶3 and "D" at Interrogatory ¶

7

3. Plaintiff objects to this request on the basis that it is overly broad and unduly burdensome. Id. This objection must be stricken. It represents a frivolous attempt to block disclosure of relevant information. Such persons may be able to provide information that not only serves to contradict evidence presented to support Champlost's claims, but also will be able to corroborate or refute claims made by State Farm in its Counterclaim.

Third, State Farm requested that Champlost Family Medical Practice, Inc. identify all individuals responsible for training and supervision of individuals who provided physical therapy treatment at Champlost. See Exhibit "D" at Interrogatory ¶4. Champlost Family Practice, Inc. objected to this Interrogatory as overly broad and unduly burdensome. Id. This Interrogatory is proper, in that State Farm has alleged that unlicensed individuals performed physical therapy and asserted causes of action premised on this fact. See Exhibit "B".

> **D.    Plaintiff's/Counterclaim Defendants' Objections to State Farm's Interrogatories and Requests for Production of Documents Regarding Communications Involving the Submission of Bills and Treatment of Insureds Must be Stricken**

Several of State Farm's Interrogatories and Requests for Production of Documents request information regarding communications between plaintiff/counterclaim defendants and others regarding the submission of bills and production of all medical bills and reports. See Exhibits "C" at Interrogatory ¶15, "D" at Interrogatory ¶ 15 and Request for Production ¶ 4, "E" at Interrogatory ¶14 and Request for Production ¶ 2 and "F" at

Interrogatory ¶ 14 and Request for Production ¶2. Plaintiff/counterclaim defendants object to these requests on the basis that they are overly broad and unduly burdensome. <u>Id.</u> These objections are without merit. State Farm is entitled to information regarding communications between plaintiff/counterclaim defendants and others regarding the submission of bills as this may lead to information regarding plaintiff's/counterclaim defendants' fraudulent billing practices and unlicensed treatment. Therefore, these objections must be stricken.

      **E.**    <u>**Champlost Family Medical Practice, P.C's and Champlost Family Practice, Inc.'s Objections to State Farm's Requests for Production Regarding Certifications and Licensing Must be Stricken**</u>

Champlost Family Medical Practice, P.C and Champlost Family Practice, Inc. object to State Farm's requests regarding certifications and licensing on the basis that they are overly broad and unduly burdensome. <u>See</u> Exhibits "C" at Request for Production ¶ 20 and "D" at Request for Production ¶ 20. This objection is frivolous. State Farm's request is limited to certifications, licences and/or permits issued to persons who administered and/or provided physical therapy to persons identified in the Complaint and Counterclaim. <u>Id.</u> Clearly this information is relevant and not overly broad as State Farm has alleged in its Counterclaim that treatment was being provided by unlicensed individuals. Therefore, these objections must be stricken.

      **F.**    <u>**Plaintiff's/Counterclaim Defendants' Objections to State Farm's Interrogatories Requesting the Identification of Demonstrative Evidence Must be Stricken**</u>

9

State Farm requested that plaintiff/counterclaim defendants identify all real and demonstrative evidence upon which they will rely at trial.  <u>See</u> Exhibits "C" at Interrogatory ¶ 9, "D" at Interrogatory ¶ 9, "E" at Interrogatory ¶ 7 and "F" at Interrogatory ¶ 7.  Plaintiff/Counterclaim defendants objected to this Interrogatory and indicated that such evidence will be identified within the deadlines established by the Court.  <u>Id.</u>  State Farm is entitled to discover plaintiff's/counterclaim defendants' real and demonstrative evidence when its existence becomes known, so that the evidence can be timely examined and further discovery taken, if necessary.

    **G.**    **Champlost Family Medical Practice, P.C's and Champlost Family Practice, Inc.'s Objections to State Farm's Interrogatories Regarding Whether a Diligent Search of Records was Made Prior to Responding to Interrogatories Must be Stricken**

Champlost Family Medical Practice, P.C and Champlost Family Practice, Inc. (collectively "Champlost") object to State Farm's Interrogatories regarding whether a reasonable search of their records was made before responding to the Interrogatories.  <u>See</u> Exhibits "C" at Interrogatory ¶ 10 and "D" at Interrogatory ¶ 10.  Champlost objects on the basis that this Interrogatory is not within the permissible scope of discovery.  <u>Id.</u>  This objection is without merit, as State Farm is entitled to know what items were reviewed and searched in preparation of Champlost's Responses.  Therefore, these objections must be stricken.

**III.**    **CONCLUSION**

Plaintiff's/counterclaim defendants' blanket objections to State Farm's discovery

requests are designed to obstruct the flow of relevant information. State Farm requests that the Court grant its Motion to Strike Plaintiff's/Counterclaim Defendants' Objections and Compel Responses to its Interrogatories and Requests for Production of Documents and order plaintiff/counterclaim defendants to fully respond by December 13, 2002.

        BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____
     Brian A. Wall, Jr. (Atty. I.D. # 52592)
     Elizabeth Luening Long (Atty. I.D. #84845)
     Attorneys for Defendants
     Suite 515, Two Penn Center Plaza
     Philadelphia, PA 19102
     (215) 569-6900

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned hereby certifies and attests that preceding the filing of this Motion, undersigned counsel for defendant attempted in good faith to resolve the discovery dispute.

                                              Attorney for defendant

                                              _____
                                              Brian A. Wall, Jr., Esquire
                                              Attorney for defendant

Date: _____

## CERTIFICATE OF SERVICE

Brian A. Wall, Jr., Esquire, attorney for State Farm, hereby certifies that on the below date, a true and correct copy of the foregoing Motion to Strike Plaintiff's/ Counterclaim Defendants' Objections and Compel Responses has been served by United States first class mail, postage prepaid, to the following:

>Joel W. Todd, Esquire
>Dolchin, Slotkin & Todd, P.C.
>One Commerce Square, 24th Floor
>2005 Market Street
>Philadelphia, PA 19103

Brian A. Wall, Jr.

Dated: _____