UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHAMPLOST FAMILY MEDICAL       :
PRACTICE, P.C.                 :
                               :
    v.                         :   No. 02-CV-3607
                               :
STATE FARM INSURANCE           :

PLAINTIFF CHAMPLOST FAMILY MEDICAL
PRACTICE, P.C.'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS COUNTS
IV, V, VI, VII, VIII and IX OF DEFENDANTS STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND
STATE FARM FIRE AND CASUALTY COMPANY'S COUNTERCLAIM

**I.    INTRODUCTION**

Defendants State Farm Mutual Insurance Company and State Farm Fire and Casualty Insurance Company (hereinafter collectively "State Farm") have filed a ten count Counterclaim (hereinafter "Counterclaim") against plaintiff Champlost Family Medical Practice, P.C. (hereinafter "Champlost"). In counts IV, V, VI, VII, VIII and IX State Farm has alleged that Champlost committed fraud in the submission of first party benefit claim forms because: 1) The treatment delineated in the forms was performed by unlicensed assistants; and 2) some of the treatment listed in the forms for which Champlost sought payment was allegedly never performed. As will hereinafter be set forth, State Farm has failed to adequately plead fraud as to alleged misrepresentations pertaining to services rendered, and Champlost did not commit fraud in utilizing unlicenced assistants. Therefore, counts IV, V, VI, VII, VIII, and IX should be dismissed.

Despite State Farm's sweeping allegations of fraud, after perusing the Counterclaim, one is left with a sense of ignorance as to **what** fraudulent acts Champlost is actually accused of committing. The inescapable inference is that State Farm levied such specious accusations not in pursuit of justice, but in an improper attempt to intimidate and harass Champlost. This interpretation of State Farm's ill will and improper motive is supported by State Farm's improprieties and acts of bad faith as reported around the country. See Campbell v. State Farm Mutual Automobile Ins. Co., 2001 WL 1246676 (Utah 2001) (Utah Supreme Court, after characterizing State Farm's behavior as egregious and malicious, upholds jury award of punitive damages in the amount of $145 million against State Farm where evidence showed that State Farm instituted a policy whereby its agents were offered financial incentives for acting deceptively and paying less than market value for claims; consistently directed their deceptive practices towards poor, racial and/or ethnic minorities; deliberately concealed and destroyed documents during the litigation process; instituted a company policy whereby all records related to bad faith litigation against State Farm were to be destroyed; clandestinely altered reports of investigators, and suppressed documents favorable to the insured's claim; published and distributed a manual for its attorneys wherein attorneys were instructed to act inappropriately during litigation, employ "mad dog defense tactics," intimidate and harass so as to dissuade litigants; otherwise engaged in a nationwide pattern of "trickery and deceit" towards its insureds); Phelan v. State Farm Mutual Automobile Ins. Co., 448 N.E.2d 579 (Ill. App. Ct 1983) (court approves jury verdict finding bad faith where, despite the likelihood that an excess verdict would be entered against its insured, State Farm unreasonably refused to tender the policy limits in a timely fashion); Zilisch v. State Farm Mutual Automobile Ins. Co., 995 P.2d 276 (Ariz. 2000) (court upholds jury award of $540 million in punitive damages against State Farm where jury found

that State Farm unreasonably refused to offer insured the policy limits on her UIM claim when the permanency and severity of her injuries was beyond dispute and, instead, low-balled the insured forcing her into arbitration -- further, insured adduced evidence demonstrating that State Farm engaged in a nationwide practice of the deliberate under-valuing of claims and offered inappropriate financial incentives to its employees therefor); State Farm Mutual Automobile Ins. Co. v. Grimes, 722 So.2d 637 (Miss. 1998) (court upholds jury award of punitive damages in the amount of $1,250,000.00 against State Farm where State Farm had no arguable basis for denying the insured's theft claim, and indeed, behaved in a hostile manner towards its insured in refusing to honor the claim based on unsubstantiated speculation and innuendo that the insured had staged the theft); Loza v. State Farm Mutual Automobile Ins. Co.,, 970 P.2d 478 (Colo. Ct. App. 1997) (court upholds jury award of punitive and treble damages against State Farm where State Farm unreasonably attributed a portion of the cause of the insured's injury to a pre-existing medical condition and denied several of her claims); State Farm Fire & Casualty Co. v. Superior Court of Los Angelos and Taylor, 62 Cal. Rptr.2d 834(Cal.App.1997)(appellate court upholds trial court's order unsealing certain State Farm internal documents which evidenced that State Farm, after refusing to honor claims of its insureds arising out of the Northridge Earthquake, forged signatures on policy applications which were devoid of earthquake coverage, instructed employees to destroy discovery materials, and instructed employees to behave evasively when testifying at depositions–trial court's and appellate court's decision to unseal State Farm's internal documents despite claims of privilege was based on crime/fraud exception to the attorney/client and work product privileges).

## II.    ARGUMENT

Champlost seeks dismissal of Counts IV, V, VI, VII, VIII and IX of State Farm's Counterclaim pursuant to Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 12(b)(6). State Farm has failed to allege fraud with sufficient particularity as per the dictates of Fed. R.Civ.P. 9(b) and has, instead, hurled amorphous, imprecise accusations. Moreover, State Farm's attempts to characterize Champlost's use of unlicensed physical therapy assistants as fraud are ill-conceived, as Champlost **never** concealed its use of unlicensed assistants, nor did the use of same render treatment unbillable until the Pennsylvania Supreme Court's recent per curiam decision in <u>Kleinberg v. Septa,</u> 2002 WL 31520097 (Pa. Nov. 13, 2002) issued on **November 13, 2002.** Thus, as counts IV, V, VI, VII, VIII and IX are premised upon insufficiently pled and unsubstantiated allegations of fraud, they must be dismissed pursuant to Fed..R.Civ.P. 9(b) and Fed.R.Civ.P. 12(b)(6).

In paragraphs 1 through 18 of the Counterclaim, State Farm purports to set forth the instances of fraud upon which counts IV, V, VI, VII, VIII and IX are based. Specifically, after having identified multiple series of claims forms that had been submitted by Champlost, State Farm alleges that the voluminous documents are fraudulent because they:

(a) represent on HCFA-1500 forms signed by Alexander S. Fine, M.D. that he was the provider and/or supplier of physical therapy treatment when, in fact, physical therapy treatment was provided by unlicensed assistants in violation of the Physical Therapy Practice Act 63 P.S. §1304;

(b) represent that physical therapy treatment was provided to State Farm insureds which, in fact, was not provided or performed;

(c) overstate and misrepresent the length of time spent performing certain physical therapy treatments in order to support claims for reimbursement set forth on the submitted documentation. Paragraph 15 of Counterclaim.

State Farm, in paragraphs 16 and 17, states further that Champlost will continue to engage in the "systematic" utilization of unlicenced assistants and seeks reimbursement. The aforementioned allegations of fraud are woefully insufficient and completely incapable of satisfying the standard set forth in Rule 9(b).

### A.  Dismissal Under Fed. R. Civ. P. 9(b)

Fed.R.Civ.P. 9(b) provides in pertinent part as follows:

> (b)  **Fraud, Mistake, Condition of the Mind.**  In all averments of fraud..., the circumstances constituting fraud ...shall be stated with particularity....

The Third Circuit courts have defined the meaning of "particularity" in the context of fraud, and have generally held that Rule 9(b) "'requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place defendants on notice of the **precise misconduct with which they are charged,** and to safeguard against spurious charges of immoral and fraudulent behavior'." Chovanes v. Thoroughbred Racing Association, 2001 WL 43780 E.D. Pa. 2001)(quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d. Cir. 1984)). Emphasis added. More specifically, "[s]atisfactory pleading under Rule 9(b) is often evidenced by a complaint which pleads the alleged fraud with **'precise allegations of date, time, or place'."** Austost Anstalt Schaan v. Net Value Holdings, Inc., No. Civ.A.00-771-SLR, slip op. (D.Del. 2001)(quoting Naporano Iron & Metal Co. v. American Crane Corp., 79 F.Supp.2d 494 (D.N.J. 1999). Emphasis added. Indeed, Rule 9(b) requires that allegations of fraud identify both the maker and recipient of the fraudulent

misrepresentation. <u>Hartman v. Canada Life Assurance Co.,</u> 1988 WL 120743 (E.D. Pa. 1988)(citing <u>Saporito v. Combustion Engineering, Inc.,</u> 843 F.2d 666 (3rd Cir. 1988)). Finally, "[a]t a minimum, 'each allegation of fraud [must] adequately describe the nature and subject of the alleged misrepresentation'." <u>Hartman,</u> 1988 WL 120743 at pg. 3 (quoting <u>Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,</u> 742 F.2d 786, 791 (3rd Cir. 1984)). State Farm has failed miserably in this endeavor.

State Farm has accused Champlost of having engaged in "Common Law Fraud" and of having violated a multitude of provisions of the Insurance Fraud statute at 18 Pa. C.S.A. § 4117 <u>et seq.</u> However, State Farm has failed to **identify** the fraudulent acts which would constitute the basis for such allegations. For instance, State Farm made no effort to identify: 1) which documents constitute evidence about treatment that was never performed; 2) the nature of the misrepresentation as to allegedly false treatment; 3) the basis for State Farm's accusation that the treatment never occurred; 4) the individual who made the alleged misrepresentation; and 5) the person to whom the misrepresentation was made. State Farm did not indicate with any precision the alleged misconduct, nor did State Farm "adequately describe the nature and subject of the alleged misrepresentation." State Farm's behavior in hurling these specious, unsubstantiated accusations of fraud is precisely that which Rule 9(b) was intended to protect against. Champlost cannot possibly defend against allegations of fraud when its accuser, State Farm, fails to provide any details about this alleged misconduct. Champlost is therefore entitled to dismissal of counts IV, V, VI, VII, VIII, and IX.

### B. Dismissal Under Fed. R. Civ. P. 12(b)(6)

In deciding a 12(b)(6) motion, the court must accept as true all pleaded factual allegations, and must draw all inferences therefrom in favor of the non-movant. <u>Williams v. Stone,</u> 923 F.Supp.

89 (E.D.Pa. 1996), affirmed, 109 F.3d 890, cert. denied 522 U.S. 956. Moreover, dismissal is only appropriate where the moving party has unequivocally established that no relief is due under any factual scenario consistent with the allegations. Nelson v. Temple University, 920 F.Supp. 633 (E.D.Pa. 1996). See also Smyth v. Pillsbury, Co., 914 F.Supp. 97 (E.D.Pa. 1996). Even assuming that unlicenced assistants performed **all of the** treatment delineated in **all of the** subject claim forms, such a practice on the part of Champlost does not rise to the level of fraud.

Champlost has never made any secret of the fact that unlicenced assistants under the supervision of a licensed physician rendered treatment to State Farm's insureds. Thus, State Farm was never mislead as to Alexander S. Fine, M.D.'s (hereinafter "Dr. Fine") role in the treatment of State Farm's insureds. Moreover, although as of November 13, 2002 the Supreme Court of Pennsylvania issued a per curiam Opinion that rendered treatment by unlicenced assistants as unbillable under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL")[1], before that date the case law allowed such billings. Indeed, the courts of this Commonwealth rendered divergent, inconsistent opinions regarding the appropriateness of billing for treatment by unlicenced assistants under the MVFRL. See Nelson v. Nationwide Mut. Inc. Co., 36 Pa. D. & C. 4th 1 (1998) *affirmed by* Northwest v. Nationwide, 736 A.2d 22 (Pa. Super. 1998). That being the case, prior

---

[1] Interestingly, and notwithstanding the Pennsylvania Supreme Court's affimance of Kleinberg, the Pennsylvania legislature, in what was no doubt its own effort to settle the dispute over the billing of unlicensed physical therapy treatments, amended 75 Pa.C.S.A. §1712. Now, under 75 Pa.C.S.A. §1712, an insurer is obligated to pay for reasonable and necessary treatments not only in the form of **licensed** physical therapy, but also "**physical therapy**." See 2002 Pa. Legis. Serv. Act 2002 - 123 (S.B. 238) (Purdons).

In light of the legislature's hasty abrogation of Kleinberg, Counts I, II, III and X, wherein State Farm seeks reimbursement for treatments rendered by unlicensed assistants, may ultimately be deemed meritless. Nevertheless, Champlost has confined its current Motion to Dismiss to the counts involving allegations of fraud.

to November 13, 2002, Champlost was **arguably** within its rights to utilize unlicenced assistants in the treatment of its patients and to submit bills for reimbursement.

"Fraud" has been defined as "'anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture'." Sewak v. Lockhart, 699 A.2d 755, 759 (Pa. Super. 1997)(quoting Moser v. DeSetta, 589 A.2d 679, 682 (Pa. 1991)). Furthermore, to recover on a claim of fraud, a plaintiff must "prove by clear and convincing evidence six elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." Sewak, 699 A.2d at 759 (citing Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994)). State Farm as a matter of law will be unable to prove fraud because Champlost has the legal right to submit its billings under Nelson, supra. Moreover, Champlost never misrepresented its use of unlicenced assistants and Dr. Fine's supervisory role. Thus, although State Farm may not have been **happy** about the practice, they were aware of it and payed the bills under the then court interpretations of the MVFRL. That being the case, State Farm cannot prove either that Champlost acted deceitfully or that it detrimentally relied on representations that were false.

Finally, because the propriety of unlicenced assistants rendering treatment was under consideration while Champlost engaged in that practice, Champlost was not **knowingly** and/or **actually** violating the provisions of the MVFRL. Therefore, even accepting as true the "facts" pled

-8-

in the Counterclaim, State Farm is utterly incapable of establishing that Champlost engaged in fraud by utilizing unlicenced assistants and submitting bills for those services.

### III.  CONCLUSION

State Farm has failed to plead fraud as to certain of Champlost's "acts" with sufficient particularity, and is incapable of **ever** proving that Champlost's use of unlicenced assistants was fraudulent. Thus, counts IV, V, VI, VII, VIII and IX of the Counterclaim should be dismissed.

                DOLCHIN, SLOTKIN & TODD, P.C.

Date: _____     By: _____
                JOEL W. TODD, ESQUIRE
                **Attorney for Plaintiff**
                One Commerce Square - 24th Flr.
                2005 Market Street
                Philadelphia, PA 19103
                215-665-8000

## CERTIFICATION OF SERVICE

I, JOEL W. TODD, ESQUIRE, counsel for plaintiff, do hereby certify that I have caused the attached **MOTION TO DISMISS COUNTS IV, V, VI, VII, VIII and IX OF DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S COUNTERCLAIM** together with **MEMORANDUM OF LAW** to be served upon the following person(s) on the date listed below, via United States First Class Mail, to the following address:

>Brian A. Wall, Jr., Esquire
>Britt, Hankins, Schaible & Moughan
>Suite 515, Two Penn Center Plaza
>1500 John F. Kennedy Blvd.
>Philadelphia, PA 19102-1888

_____
JOEL W. TODD, ESQUIRE
Attorney for Plaintiff

DATE:_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : : : | |
| v. | : | No. 02-CV-3607 |
| STATE FARM INSURANCE | : : | |

**O R D E R**

AND NOW, this _____ day of _____, 2002, upon consideration of plaintiff Champlost Family Medical Practice, P.C.'s Motion to Dismiss Counts IV, V, VI, VII, VIII and IX of Defendant State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Counterclaim, and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and Counts IV, V, VI, VII, VIII and IX of State Farm's Counterclaim are DISMISSED.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | |
| | : | |
| v. | : | No. 02-CV-3607 |
| | : | |
| STATE FARM INSURANCE | : | |

### PLAINTIFF CHAMPLOST FAMILY MEDICAL PRACTICE, P.C.'S MOTION TO DISMISS COUNTS IV, V, VI, VII, VIII and IX OF DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S COUNTERCLAIM

Plaintiff, Champlost Family Medical Practice, P.C. (hereinafter "Champlost") by and through its attorneys, Dolchin, Slotkin & Todd, P.C., hereby files a Motion to Dismiss Counts IV, V, VI, VII, VIII and IX of Defendant State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's (hereinafter "State Farm") Counterclaim, and respectfully requests this Honorable Court to enter the attached Order granting Champlost's Motion to Dismiss. In support of the within motion, Champlost has attached its Memorandum of Law, and would incorporate same herein as though set forth in full.

WHEREFORE, Champlost hereby requests that this Honorable Court grant Champlost's Motion to Dismiss Counts IV, V, VI, VII, VIII and IX of State Farm's Counterclaim.

DOLCHIN, SLOTKIN & TODD, P.C.

Date: _____   By: _____
JOEL W. TODD, ESQUIRE
**Attorney for Plaintiff**
One Commerce Square - 24th Flr.
2005 Market Street
Philadelphia, PA 19103