# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | NO.: 02-CV-3607 |
| v. | : | |
| CHAMPLOST FAMILY PRACTICE, INC. AND | : | |
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., AND | : | |
| ALAN LICHT AND | : | |
| ALEXANDER S. FINE, M.D. | : | |
|     Counterclaim Defendants | : | |

## **ORDER**

AND NOW, this ____ day of _____, 2002, upon consideration of Plaintiff, Champlost Family Medical Practice, P.C.'s, Motion to Dismiss Counts IV, V, VI, VII, VIII and IX of Defendants, State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's ("State Farm"), Counterclaim and State Farm's Response thereto, it is hereby ORDERED and DECREED that said Motion is DENIED.

BY THE COURT:

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | NO.: 02-CV-3607 |
| v. | : | |
| CHAMPLOST FAMILY PRACTICE, INC. AND | : | |
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., AND | : | |
| ALAN LICHT AND | : | |
| ALEXANDER S. FINE, M.D. | : | |
| Counterclaim Defendants | : | |

**STATE FARM'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
COUNTS IV, V, VI, VII, VIII AND IX OF STATE FARM'S COUNTERCLAIM**

Defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm"), by and through their counsel Britt, Hankins, Schaible and Moughan, hereby file this Response to Plaintiff's Motion to Dismiss Counts IV, V, VI, VII, VIII and IX of State Farm's Counterclaim. State Farm respectfully requests that this Motion be denied. In support of this Response, State Farm incorporates by reference the attached Memorandum of Law.

WHEREFORE, State Farm requests that Plaintiff's Motion to Dismiss Counts IV, V, VI, VII, VIII and IX of State Farm's Counterclaim be denied.

**BRITT, HANKINS, SCHAIBLE & MOUGHAN**

BY: _____
Brian A. Wall, Jr.
Elizabeth Luening Long
Attorneys for Defendant
Two Penn Center, Suite 515
15th and JFK Boulevard
Philadelphia, PA 19102
(215) 569-6900

Date: _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | NO.: 02-CV-3607 |
| v. | : | |
| CHAMPLOST FAMILY PRACTICE, INC. AND | : | |
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., AND | : | |
| ALAN LICHT AND | : | |
| ALEXANDER S. FINE, M.D. | : | |
| Counterclaim Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**STATE FARM'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS**
**COUNTS IV, V, VI, VII, VIII AND IX OF STATE FARM'S COUNTERCLAIM**

**I.   INTRODUCTION**

Champlost's Motion to Dismiss Counts IV - IX of State Farm's Counterclaim is based upon two arguments: first, that State Farm has not alleged fraud claims with sufficient particularity; and second, that Plaintiff is not liable for fraud as a matter of law arising from its billing for physical therapy rendered in violation of established Pennsylvania law. As set forth below, neither argument has merit and this Motion should be denied.

II.   **ANALYSIS**

    A.   **State Farm Has Alleged Fraud With Sufficient Specificity**

Federal Rule of Civil Procedure 9(b) states:

> In all averments of fraud or mistake, the circumstances fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other conditions of mind of a person may be averred <u>generally</u>.

<u>Id</u>. (emphasis added).

The amount of particularity or specificity required for pleading fraud generally depends upon the amount of access the pleader has to specific facts and the amount of specificity necessary for the adverse party to prepare a responsive pleading.  <u>See</u> <u>Devaney v. Chester</u>, 813 F.2d 566, 569 (2d. Cir. 1987); <u>Dudley v. Southeastern Factor and Finance Corp</u>., 446 F.2d 303 (5th Cir. 1971), <u>cert</u>. <u>denied</u>, 404 U.S. 858, 92 S.Ct. 109, 30 L.Ed. 2d 101.  The particularity requirement of Rule 9, however, is not intended to abrogate the Rule 8 "notice" pleading standard that applies in federal courts, and the two rules must be read in harmony with one another.  <u>See</u> <u>Ziemba v. Cascade International, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001).

    The Third Circuit has stated:

> ...[U]nder Fed. R.Civ. P. 9(b) plaintiffs must plead with particularity the "circumstances" of the alleged fraud.  They need not, however, plead the "date, place or time" of the fraud, so long as they use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  <u>Seville Indus. Machinery v. Southmost Machinery</u>, 742 F.2d 786, 791 (3d Cir. 1984)....  Courts should, however, apply the rule with some flexibility and

should not require plaintiffs to plead issues that may have been concealed by the defendants. See Christidis v. First Penna. Mortgage, 717 F.2d 96, 99 (3d. Cir. 1983);

Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998).

In contrast to the "particularity" requirement for pleading the "circumstances" of fraud, the Third Circuit has also recognized that intent or knowledge of the defendant may be averred generally. Cramer v. Gen. Tel. & Electronics Corp., 582 F.2d 259, 272 (3d. Cir. 1978), cert denied, 439 U.S. 1129, 59 L.Ed. 2d. 90, 99 S.Ct. 1048 (1979). For example, a complaint with general allegations of the defendants' state of mind was held to be sufficient to meet the "minimal" requirements of the second sentence of Rule 9(b) and overcome a Rule 12(b)(6) Motion. Id.

The absurd nature of Champlost's argument that State Farm "hurled amorphous, imprecise accusations" of fraud is evident from a review of the Counterclaim itself.

The Counterclaim identifies the patient name, State Farm claim number and records which contain fraudulent billing in addition to the dates that such documents were received by State Farm. (See Exhibit "A", at ¶¶ 6-14). Champlost has received notice of the nature of fraud alleged:

> (a) The fact that Champlost submitted to State Farm bills and records for treatment that was never performed or provided;
> (b) The fact that supporting documentation grossly overstates and misrepresents the time spent performing therapy to support claims for reimbursement; and
> (c) The fact that HCFA-1500 forms misrepresent that Dr.

3

> Alexander Fine was the supplier/provider of physical therapy
> when it was actually provided by unlicensed individuals in
> violation of settled law. See 63 P.S. §1304.

State Farm also alleged that Champlost had full knowledge of these continuous and systematic fraudulent representations which State Farm relied upon in its payment determination. See Exhibit "A", ¶¶ 16-17, 34-37, 49, 53, 55.

### B. State Farm's Counterclaim States Causes Of Action Arising From Champlost's Billing For Physical Therapy Provided In Violation Of Pennsylvania Law

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the Counterclaim plaintiff-State Farm. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion should be granted only if no relief could be given under any set of facts that could be proved consistent with the allegations of the complaint. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

Plaintiff argues that before the Supreme Court's ruling in Kleinberg v. Septa, 2002 WL 31520097 (Pa. 2002), the law in Pennsylvania regarding the propriety of billing for treatment by unlicensed assistants under the Motor Vehicle Financial Responsibility Law ("MVFRL") was inconsistent. Plaintiff argues that Champlost was "arguably" within its rights to utilize unlicensed assistants in the treatment of its patients and to submit bills for reimbursement. This argument is without merit and demonstrates

unfamiliarity with the issue.

The unlicensed practice of physical therapy has been illegal since the passage of the Physical Therapy Practice Act ("PTPA") in 1975. The Act specifically provides:

> It shall be a violation of this act for any person or business entity to utilize in connection with a business name or activity the words "physical therapy," "physical therapist," "physiotherapy," "physiotherapist" or similar words and their related abbreviations which imply directly or indirectly that physical therapy services are being provided, including the billing of physical therapy services, unless such services are provided by a licensed physical therapist in accordance with this act...

63 Pa.C.S.A. § 1305 (b.1). This Section clearly expresses the legislative intent that physical therapy services are to only be provided by and billed for by individuals licensed under the PTPA. Kleinberg, 765 A.2d 405, 409 (Pa. Commw. 2001). Further, the MVFRL only requires insurers to provide coverage for "licensed physical therapy." 75 Pa. C.S.A. § 1712. [1]

Pennsylvania's Appellate Courts have uniformly recognized and upheld the PTPA's and MVFRL's requirements regarding licensure. Kleinberg, 765 A.2d at 409; Leidy v. Deseret Enterprises, Inc., 252 Pa. Super. 162, 381 A.2d 164, 168-169 (1977); Bureau of Professional and Occupational Affairs v. State Board of Physical Therapy, 556

---

[1] Plaintiff argues in a footnote that the Pennsylvania legislature amended 75 Pa. C.S.A. § 1712 to require an insurer to pay for reasonable and necessary treatments not only in the form of licensed physical therapy but also "physical therapy". Therefore, Plaintiff concludes that the legislature has abrogated Kleinberg. This argument is inaccurate. Both the House and the Senate have since approved the repeal of this amendment, specifically deleting the reference to "physical therapy." See H.B. 2410 (October 8, 2002). Therefore, the MVFRL only obligates an insurer to pay for licensed physical therapy.

Pa. 268, 274, 728 A.2d 340, 343 (1999).  The Commonwealth Court in Kleinberg specifically held that an insurer is not obligated to pay for treatment provided by unlicensed physical therapy assistants.  Kleinberg, 765 A.2d at 409.  The Court held as follows:

> Unarguably, considering the foregoing precedent [Leidy and Bureau of Occupational Affairs], in which the courts have consistently reaffirmed the fact that the PTPA requires those who administer physical therapy services to be licensed, we cannot concur with the Trial Court's conclusion that if such services are delegated to persons, whether licensed under the PTPA or not, who are supervised by the delegating physician, an insurer is responsible for paying for such services.

Id.  Further, the United States District Court for the Eastern District of Pennsylvania, applying Pennsylvania law, held that insurers are not obligated to pay for services rendered by unlicensed physical therapy assistants over six years ago.  Nationwide Mutual Ins. Co. v. Glickman, M.D., 1996 WL 605129, *3 (E.D. Pa. 1996).

Champlost's sole support for its proposition that the law of Pennsylvania is "inconsistent" is the court's holding in Nelson v. Nationwide Mut. Ins. Co., 36 Pa. D. & C. 4th 1 (1998).  Nelson was a trial court opinion and, therefore, has no precedential value. See Turner v. the May Corp., 285 Pa. Super. 241, 252, 427 A.2d 203, 208; Burgoon v. Zoning Hearing Board of Charlestown Township, 2 Pa. Cmwlth. 238, 243, 277 A.2d 837, 841 (1971).  Further, Champlost neglects to advise this Court that Nelson's affirmance by Northwest v. Nationwide, 736 A.2d 22 (Pa. Super. 1998) can neither be cited nor relied upon because it was affirmed *per curiam* without a published

6

opinion. See Reed v. Pennsylvania National Mutual Casualty Ins. Co., 342 Pa. Super. 517, 521-522, 493 A.2d 710, 712 (1985). The Nelson case was settled by the parties while a Petition for Hearing by the Supreme Court was pending. The Supreme Court's first opportunity to revisit this issue after the Nelson trial court decision resulted in an immediate rejection of its holding. Nelson did not disturb established Pennsylvania law.

Pennsylvania law is clear that insurers have never been obligated to pay for the illegal provision of physical therapy services by unlicensed individuals. Champlost did not have the legal right to submit its billings to State Farm for payment. It could not rely upon the court's holding in Nelson for the reasons set forth above. Further, Champlost purposely misrepresented its use of unlicensed assistants by listing Dr. Fine as the provider of the services when, in fact, they were actually performed by unlicensed individuals. The fact that Champlost listed Dr. Fine as the provider of the services demonstrates its knowing violation of the law. State Farm's Counterclaim sets forth a claim upon which relief can be granted and Plaintiff's Motion to Dismiss must be denied.

Rule 9(b) does not require State Farm's knowledge of these misrepresentations to be pled with any more specificity, particularly since Champlost is in the best position to know the details surrounding its fraud and concealment. Kimmel v. Peterson, 565 F.Supp. 476, 482 (E.D. Pa. 1983). The Counterclaim is sufficiently specific to alert Champlost as to the circumstances surrounding the fraud so that it may prepare an answer. Therefore, Plaintiff's Motion to Dismiss State Farm's Counterclaim

must be dismissed.[2]

### III. CONCLUSION

For all the above reasons, State Farm respectfully requests that this Honorable Court deny Champlost's Motion to Dismiss Counts IV - IX of State Farm's Counterclaim.

                                                 **BRITT, HANKINS, SCHAIBLE & MOUGHAN**

**BY**: _____
Brian A. Wall, Jr.
Elizabeth Luening Long
Attorneys for Defendant
Two Penn Center, Suite 515
15th and JFK Boulevard
Philadelphia, PA 19102
(215) 569-6900

---

[2] Champlost has already been provided a response to discovery with statements of <u>each</u> patient identified in the Counterclaim. The statements directly contradict Champlost's claims and support State Farm's claims that Champlost sometimes billed three or four times the number of treatments actually given to the patient.

## CERTIFICATE OF SERVICE

Brian A. Wall, Jr., Esquire, attorney for State Farm, hereby certifies that on the below date, a true and correct copy of the foregoing Response to Plaintiff's Motion to Dismiss Counts IV, V, VI, VII, VIII and IX of State Farm's Counterclaim has been served by United States first class mail, postage prepaid, to the following:

>Joel W. Todd, Esquire
>Dolchin, Slotkin & Todd, P.C.
>One Commerce Square, 24th Floor
>2005 Market Street
>Philadelphia, PA 19103

_____
Brian A. Wall, Jr.

Dated: _____