IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., Plaintiff, | : : : : | CIVIL ACTION |
| v. | : : | |
| STATE FARM INSURANCE, Defendant. | : : | No. 02-3607 |

### MEMORANDUM AND ORDER

**SCHILLER, J.**                                                                                                                                       **January    , 2003**

Plaintiff Champlost Family Medical Practice, P.C. ("Champlost") commenced this action against Defendant State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm"), and State Farm subsequently filed a Counterclaim against Champlost. Presently before the Court is Champlost's motion pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss certain counts of State Farm's Counterclaim.[1] For the reasons set forth below, I deny Champlost's motion.

Plaintiff presents two arguments in favor of dismissal. First, Champlost contends that the specified counts related to common law fraud and statutory fraud should be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b), which states in relevant part: "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. . . ." The Third Circuit has explained the scope of Rule 9(b)'s requirement as follows:

---

[1] Champlost seeks dismissal of counts four through nine of State Farm's Counterclaim, respectively styled as the following: "Common Law Fraud," "Violations of 18 PA. CON. STAT. § 4117(a)(2)," "Violations of 18 PA. CON. STAT. § 4117(a)(3)," "Violations of 18 PA. CON. STAT. §§ 4117(a)(2) and 4117(a)(5)," "Violations of 18 PA. CON. STAT. §§ 4117(a)(3) and 4117(a)(5)," and "Attorneys Fees Under 75 PA. CON. STAT. § 1798." Because Plaintiff's motion is directed at these counts generally, this Memorandum likewise addresses Plaintiff's arguments without reference to particular counts.

> Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud.

*Seville Indus. Mach. Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

Here, State Farm alleges that Champlost "engaged in a course of conduct involving the systematic provision of physical therapy treatment by unlicensed individuals in violation of the Physical Therapy Practice Act" and represented that Alexander S. Fine, M.D. "was the provider and/or supplier of physical therapy treatment, when, in fact, physical therapy treatment was provided by unlicensed assistants. . . ." (Countercl. ¶ 15(a).) State Farm identifies the names of its insured who allegedly received treatment from unlicensed therapists employed by Champlost (*Id.* ¶¶ 6-14), the form Champlost submitted to State Farm, namely the "HCFA-1500" (*Id.* ¶¶ 7-15), and the name of the physician, Dr. Fine, who allegedly signed the HCFA-1500 (*Id.* ¶ 15(a)). In addition, for each of the insured patients it identifies, State Farm lists a claim number and a set of dates on which the alleged fraud began and ended. (*Id.* ¶¶ 6-14.)

As the Third Circuit has made clear, "[t]he purpose of Rule 9(b) is to provide defendants with notice of the precise misconduct alleged. . . ." *Bd. of Trs. v. Foodtown, Inc.*, 296 F.3d 164, 173 (3d Cir. 2002) (internal quotation omitted). In this case, State Farm has specified how, when, and by whom the alleged fraud was committed, and has provided additional information about each of the limited number of insureds at issue in this case. That is, State Farm has provided Champlost with notice of the conduct alleged and the factual basis for its claims, satisfying the requirements of Rule 9(b).

Second, Champlost argues that it has "never made any secret of the fact that unlicensed assistants under the supervision of a licensed physician rendered treatment to State Farm's insured," Pl.'s Mot. to Dismiss Countercl. at 7, requiring dismissal of State Farm's fraud claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

> In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations.

*See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

As Champlost recognizes, Pennsylvania's Physical Therapy Practice Act, 63 PA. CON. STAT. § 1301 et seq. ("PTPA") establishes licensing requirements for any person practicing physical therapy, and provides that:

> It shall be a violation of this act for any person or business entity to utilize in connection with a business name or activity the words "physical therapy," "physical therapist," "physiotherapy," "physiotherapist" or similar words and their related abbreviations which imply directly or indirectly that physical therapy services are being provided, including the billing of physical therapy services, unless such services are provided by a licensed physical therapist. . . .

63 PA. CON. STAT. § 1304(b.1). Notwithstanding this statutory prohibition, Champlost contends that billing for services provided by unlicensed physical therapists is reasonable under *Nelson v. Nationwide Mutual Insurance Company*, 36 Pa. D.&.C.4th 1 (Pa. Ct. Com. Pl.), *aff'd per curiam*, 736 A.2d 22 (Pa. Super. 1998). According to Champlost, *Nelson* is noteworthy for its holding that the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 PA. CON. STAT. § 1701 et seq.,

"obligates [an insurer] to pay for physical therapy treatments provided by a trained but unlicensed technician operating under the general supervision of a physician." 36 Pa. D.&C.4th at 14.[2]

Champlost's argument fails, however, because it overlooks one of State Farm's critical factual allegations. Contrary to Champlost's position that it did not attempt to cover up the fact that it employed the services of unlicensed therapists, State Farm has asserted that Champlost "represent[ed] on HCFA-1500 forms signed by Alexander S. Fine, M.D. that he was the provider and/or supplier of physical therapy treatment, when, in fact, physical treatment was provided by unlicensed assistants. . . ." (Countercl. ¶ 15(a).) Thus, State Farm has alleged misrepresentations on the part of Champlost, and if it can prove the facts necessary to recover on its misrepresentation theory, it will be entitled to recover from Champlost regardless of whether Champlost had an arguably valid basis for billing for services provided by unlicensed therapists under *Nelson*. Because I must accept all well-pleaded allegations in the complaint as true for purposes of a motion to dismiss pursuant to Rule 12(b)(6), s*ee Maio v. Aetna, Inc*., 221 F.3d 472, 481-82 (3d Cir. 2000), I cannot accept Champlost's argument.

Accordingly, I deny Champlost's motion to dismiss. An appropriate Order follows.

---

[2] As Champlost concedes, it can no longer rely on *Nelson* to support its position that an insurer is obligated to pay for physical therapy provided by an unlicensed technician. In *Kleinberg v. SEPTA*, 810 A.2d 635 (Pa. 2002), the Pennsylvania Supreme Court affirmed the Commonwealth Court's ruling that held that the PTPA "requires those who administer physical therapy services to be licensed, [and] we cannot concur with the Trial Court's conclusion that if such services are delegated to persons, whether licensed under the PTPA or not, who are supervised by the delegating physician, an insurer is responsible for paying for such services." 765 A.2d 405, 409 (Pa. Commw. Ct. 2000). Nonetheless, Champlost points out that the Supreme Court decided *Kleinberg* after the fraudulent acts are alleged to have occurred, and viewed in this light, maintains that its position with respect to billing State Farm for the services of unlicensed technicians supervised by a physician was reasonable as a matter of law.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHAMPLOST FAMILY** | : | |
| **MEDICAL PRACTICE, P.C.,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM INSURANCE,** | : | No. 02-3607 |
| Defendant. | : | |

### ORDER

**AND NOW**, this        day of **January, 2003**, upon consideration of Plaintiff Champlost Family Medical Practice, P.C.'s Motion to Dismiss Count IV, V, VI, VII, VIII, and IX of Defendant State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Counterclaim, Defendant's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

Plaintiff's Motion to Dismiss (Document No. 18) is **DENIED**.

BY THE COURT:

_____
**Berle M. Schiller, J.**