IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. : | |
| : | |
| v. : | NO. 02-CV-3607 |
| : | |
| STATE FARM INSURANCE COMPANY : | |
| v. : | |
| CHAMPLOST FAMILY PRACTICE, INC. AND : | |
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C. : | |
| AND ALAN LICHT AND ALEXANDER S. FINE, M.D. : | |

### RESPONSE TO THE STATE FARM COUNTERCLAIM

Defendants respond to the Counterclaim, as follows:

1.  Admitted.

2.  Denied as stated. Champlost Family Practice, Inc. ("Champlost") is a defunct Pennsylvania business corporation. Its sole shareholder was Ella Frankel, D.C. Because the sole shareholder of Champlost was a licensed medical professional, its formation and operation was consistent with Pennsylvania corporate law.

3.  Denied as stated. Champlost Family Medical Practice, P.C. (the "Professional Corporation") is a Pennsylvania professional corporation with its principal place of business at 6000 N. Broad Street, Philadelphia, PA 19141.

4.  Admitted.

5.  Denied as stated. Allen Licht ("Licht") is an adult individual who worked at Champlost and the Professional Corporation as a salaried employee. Licht has never practiced medicine within the Commonwealth of Pennsylvania, nor has he been licensed to do so at any time.

6.  Admitted.

7.  Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied. The claim documents are writings, which writings speak for themselves. The characterization of fraud as alleged by State Farm is denied.

    (a) Denied. The allegations of this subparagraph are conclusions of law to which no further responsive pleading is required. By way of further response, the signing of the HCFA-1500 forms do not constitute a representation by Dr. Fine that all of the physical therapy treatment had been rendered to the patients by Dr. Fine personally. It is a custom and practice of the industry for the licensed medical professional to sign the forms as long as all treatment was rendered by the professional personally or under his/her supervision and control. See Nelson v. Nationwide Mutual Insurance Company, 36 Pa.D.& C. 4th 1 (Pa.Ct.Com.Pl.), aff'd. per curiam, 736 A.2d 22 (Pa.Super. 1998).

    (b) Denied. Defendants billed only for treatment rendered.

    (c) Denied. Defendants billed all services within the appropriate CPT codes.

16. Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

17. Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

18. Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

### COUNT I - DECLARATORY JUDGMENT

19. The responses to paragraphs 1 through 18 are incorporated as though set forth in full.

20.-22. Denied. The allegations of these paragraphs are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### COUNT II - UNJUST ENRICHMENT

23. The responses to paragraphs 1 through 22 are incorporated as though set forth in full.

24.-26. Denied. The allegations of these paragraphs are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### COUNT III - RESTITUTION FOR MISTAKEN PAYMENT

27. The responses to paragraphs 1 through 26 are incorporated as though set forth in full.

28. Admitted.

29. Admitted.

30. Denied. State Farm knew, or by the exercise of reasonable care, should have known about the industry practice whereby a licensed medical professional signed the HCFA-1500 claim forms either where the licensed professional performed the services personally or where the services were performed under his/her supervision and control. Neither Champlost nor the Professional Corporation made any false or misleading claim submissions.

31. Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### COUNT IV - COMMON LAW FRAUD

32. The responses to paragraphs 1 through 31 are incorporated as though set forth in full.

33.-37. Denied. The allegations of these paragraphs are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### COUNT V - VIOLATIONS OF 18 Pa.C.S.A. §4117(a)(2)

38. The responses to paragraphs 1 through 37 are incorporated as though set forth in full.

39.-44. Denied. The allegations of these paragraphs are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### COUNT VI - VIOLATIONS OF 18 Pa.C.S.A. §4117(a)(3)

45. The responses to paragraphs 1 through 44 are incorporated as though set forth in full.

46.-51. Denied. The allegations of these paragraphs are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### COUNT VII - VIOLATIONS OF 18 Pa.C.S.A. §§4117(a)(2) and 4117(a)(5)

52. The responses to paragraphs 1 through 51 are incorporated as though set forth in full.

53. Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### COUNT VIII - VIOLATIONS OF Pa.C.S.A. §§4117(a)(3) and 4117(a)(5)

54. The responses to paragraphs 1 through 53 are incorporated as though set forth in full.

55. Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### COUNT IX - ATTORNEYS FEES UNDER 75 Pa.C.S.A. §1798

56. The responses to paragraphs 1 through 55 are incorporated as though set forth in full.

57.-59. Denied. The allegations of these paragraphs are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### COUNT X - OFFSET

60. The responses to paragraphs 1 through 59 are incorporated as though set forth in full.

61. Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, counterclaim defendants request judgment in their favor.

### FIRST AFFIRMATIVE DEFENSE

State Farm fails to set forth claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

All equitable claims are barred by the Doctrine of Laches.

### THIRD AFFIRMATIVE DEFENSE

All equitable claims are barred by the Doctrine of Waiver.

### FOURTH AFFIRMATIVE DEFENSE

All equitable claims are barred by the Doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE

All equitable claims are barred by the Doctrine of Estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

All tort claims are barred by the applicable Statute of Limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

All statutory claims are barred by the applicable Statute of Limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

All claims against the individual counterclaim defendants are barred by the fact that State Farm seeks relief that would violate express prohibitions of Pennsylvania statutory law.

**NINTH AFFIRMATIVE DEFENSE**

All claims against the individual counterclaim defendants under a breach of contract theory are barred by a failure of consideration.

DOLCHIN, SLOTKIN & TODD, P.C.

_____
JOEL W. TODD, ESQUIRE
ID#17719
One Commerce Square, 24th Floor
2005 Market Street
Philadelphia, PA 19103

Attorney for Counterclaim-Defendants

DATE: _____

**CERTIFICATE OF SERVICE**

      I, JOEL W. TODD, ESQUIRE, counsel for Counterclaim-Defendants, do hereby certify that I have caused the Response to the State Farm Counterclaim to be served upon the following person on the date listed below, via United States First Class Mail, to the following address:

Brian A. Wall, Jr., Esquire
Britt, Hankins, Schaible & Moughan
Suite 515, Two Penn Center Plaza
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102-1888

                                                                        _____
                                                                         JOEL W. TODD, ESQUIRE

DATE: _____