IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY | : | |
| MEDICAL PRACTICE, P.C., | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE, | : | No. 02-3607 |
|     Defendant. | : | |

### MEMORANDUM AND ORDER

**SCHILLER, J.**                                                                                                    **March    , 2003**

Plaintiff Champlost Family Medical Practice, P.C. ("Champlost") commenced this action against Defendant State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm") in state court, and State Farm subsequently removed this action to this Court and filed a counterclaim against Champlost. In light of the parties' agreement that the sum of damages claimed by Plaintiff does not exceed the jurisdictional amount, I ordered the parties to address whether this matter should be remanded to state court. Although this case is not of biblical proportions, I am called upon to make a determination as to whether we are confronted with a subsequent event or a "revelation." Having considered the parties' arguments, and for the reasons set forth below, I side with revelations and therefore remand this matter to state court.

**I.    BACKGROUND**

In its complaint, which was filed in the Court of Common Pleas for Philadelphia County, Champlost alleged that State Farm's refusal to pay first-party medical benefits violated the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 PA. CON. STAT. §§ 1716, 1797, and 1798, and Pennsylvania's bad faith statute, 42 PA. CON. STAT. § 8371. In particular, in

its claim under § 1797 Plaintiff sought damages well in excess of $75,000. (Compl. ¶ 47.) Invoking the Court's diversity jurisdiction, State Farm removed this action under 28 U.S.C. § 1441(a) and filed a counterclaim against Champlost.[1]

While this case was proceeding, the Pennsylvania Supreme Court issued a decision in *Kleinberg v. SEPTA*, 810 A.2d 635 (Pa. 2002). Decided in November 2002, the *Kleinberg* decision affirmed the Commonwealth Court's ruling that under Pennsylvania's Physical Therapy Practice Act, 63 PA. CON. STAT. § 1301 et seq. ("PTPA"), an insurer is not responsible for paying for services rendered by unlicensed physical therapists, even if the therapist is supervised by a physician. 765 A.2d 405, 409 (Pa. Commw. Ct. 2000). In light of *Kleinberg*, the parties agree that Champlost, which bases its claims at least in part on State Farm's refusal to pay for physical therapy administered by unlicensed individuals, cannot recover an amount greater than $75,000.

## II.    DISCUSSION

### A.    Jurisdiction Over Plaintiff's Claims

In removal cases, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In diversity actions such as the instant case, federal district courts have subject matter jurisdiction over a civil action when (1) the controversy is between citizens of different states, and (2) the amount in controversy exceeds $75,000. While it is clear that the former requirement is met, determining whether the amount in controversy requirement is satisfied requires closer analysis. The general rule is that "[a]

---

[1] Champlost is a Pennsylvania professional corporation with a principal place of business in Philadelphia, Pennsylvania. State Farm is incorporated under Illinois law and maintains a principal place of business in Bloomington, Illinois.

district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (*quoting Steel Valley Auth. v. Union Switch Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Similarly, it is well-accepted that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

The Third Circuit has explained, however, that an exception to these general rules exists: "[a] distinction must be made . . . between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 97 (3d Cir. 1996) (*quoting Jones v. Knox Exploration Corp.,* 2 F.3d 181, 182-83 (6th Cir. 1993)). Although there are no precise criteria for differentiating between a subsequent event and a subsequent revelation, certain principles can be gleaned from relevant precedent. First, when an action involves multiple claims "which together satisfied the jurisdictional amount requirement, and one count was eliminated following discovery, the fact that the only remaining claim [is] for less than the jurisdictional amount [does] not require dismissal." *Jones*, 2 F.3d at 182. Second, "failure to satisfy the jurisdictional amount from the outset, although not recognized until later, is not a subsequent change that can be ignored." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 218 (3d Cir. 1999) (*quoting* 15 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.104[3], at 102-167 (3d ed. 1998)).

Like State Farm, the Court "has been unable to locate any case law categorizing a state supreme court's decision affirming an earlier appellate decision as either a 'subsequent event' or a 'subsequent revelation.'" (Def.'s Memo. of Law. at 4.) Nonetheless, the reason that Plaintiff's

3

claims no longer exceed the jurisdictional amount is unrelated to discovery that has been conducted in this matter, and thus, this case does not present the situation discussed in *Jones*. Furthermore, the Pennsylvania Supreme Court's affirmance reveals that Plaintiff's claims – which proceed on the assumption that an insurer may be required to reimburse a healthcare provider for services provided by unlicensed individuals – rest on a faulty legal premise. That is, the *Kleinberg* decision reveals that as a matter of legal certainty, Champlost cannot recover more than $75,000. *See Red Cab,* 303 U.S. 283, 289 (1938) (holding that when claim exceeding jurisdictional minimum is apparently made in good faith, that claim controls unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount.") As such, the circumstances presented here are more closely akin to those contemplated in *Meritcare*, i.e., where a party's claims, when viewed correctly under the law, fail to satisfy the amount in controversy requirement. I accordingly conclude that Plaintiff's claims do not confer subject matter jurisdiction upon the Court.

      **B.**      **Jurisdiction Over Defendant's Counterclaim**

State Farm argues that even if I find that I no longer have jurisdiction over Champlost's claims, this action must go forward in this Court because State Farm's counterclaim provides an independent basis for jurisdiction. *See Nat'l Research Bureau, Inc. v. Bartholomew*, 482 F.2d 386, 388-89 (3d Cir. 1973) ("Once an issue with independent subject matter jurisdiction is before the court and jurisdiction over the parties has been perfected, it must be allowed to proceed to a conclusion pursuant to the rules of civil procedure like any other routine federal claim.") In assessing whether State Farm's counterclaim creates an independent basis for jurisdiction, I must consider whether the "requisites of Federal diversity jurisdiction for the counterclaim were properly

pled." *Id*. at 388.[2]  In this case, State Farm's counterclaim includes neither a statement that it is invoking the federal courts' diversity jurisdiction nor an assertion that the amount in controversy requirement is satisfied.  Similarly, State Farm has not indicated the amount it seeks in any of the *ad damnun* clauses or elsewhere in its counterclaim.  Because there is no allegation in State Farm's counterclaim that subject matter jurisdiction exists or that the amount of damages sought exceeds $75,000, I cannot find that Defendant's counterclaim provides an independent basis for jurisdiction.[3]

**III.   CONCLUSION**

Accordingly, I conclude that the Court lacks subject matter jurisdiction in this action remand this case to the Court of Common Pleas for Philadelphia County.

---

[2]  Certain case law suggests that a counterclaim should not be considered in assessing whether, in a case that has been removed to federal court, diversity jurisdiction is present. *See, e.g., Meridian Aviation Serv. v. Sun Jet Int'l*, 886 F. Supp. 613, 615 (S.D. Tex. 1995) (holding that in removal action amount in controversy determined solely by reference to plaintiff's complaint and without considering compulsory counterclaim).  However, under *National Research Bureau*, it appears that it is appropriate to consider whether a counterclaim independently confers subject matter jurisdiction.  482 F.2d at 388-89.

[3]  State Farm also contends that even if the Court does not have subject matter jurisdiction over either Plaintiff's claims or Defendant's counterclaim, I should exercise my discretion and retain jurisdiction over its counterclaim.  Assuming, *arguendo*, that State Farm is correct in this regard, I would decline to retain jurisdiction.  The issues involved in this matter are better resolved in state court, and judicial economy is served by having this matter proceed along with Plaintiff's claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAMPLOST FAMILY MEDICAL PRACTICE, P.C., Plaintiff, | : : : : | CIVIL ACTION |
| v. | : : | |
| STATE FARM INSURANCE, Defendant. | : : | No. 02-3607 |

## ORDER

**AND NOW**, this          day of **March, 2003**, upon consideration of Plaintiff's letter of March 10, 2003 in support of remanding this matter, Defendant State Farm's Memorandum of Law Regarding Jurisdictional Issue, and for the foregoing reasons, it is hereby **ORDERED** that:

1. This matter is **REMANDED** to the Court of Common Pleas for Philadelphia County.

2. The Clerk of Court is directed to close this case for statistical purposes.

BY THE COURT:

_____
**Berle M. Schiller, J.**